John **KELLY** et al., Plaintiffs,

v.

George K. **WYMAN** et al., Defendants.

Ruby **SHEAFE** et al., Plaintiffs,

v.

George K. **WYMAN** et al., Defendants.

Nos. 68 Civ. 394, 864.

United States District Court
S. D. New York.

May 17, 1968.

See also, D.C. 294 F.Supp. 893.

Harold J. Rothwax, New York City, for plaintiffs Kelly, Young, DeJesus, Guzman, McKinney and Sheafe; Mobilization for Youth, Inc., David A. Diamond, David Gilman, Peter H. Darrow, New York City, of counsel.

Shyleur Barrack, New York City, for plaintiff Lett; The Legal Aid Society, Richard Kwasnik, of counsel.

Martin Garbus, New York City, for plaintiffs.

Roger Baldwin Fund of the American Civil Liberties Union.

Louis J. Lefkowitz, Atty. Gen., of the State of New York; Joel H. Sachs, Asst. Atty. Gen., of counsel.

J. Lee Rankin, corp. counsel, for defendant Jack R. Goldberg; John J. Loflin, Jr., Luis M. Neco, New York City, of counsel.

MEMORANDUM

FREDERICK van Pelt BRYAN, District Judge:

The present suit is one of the growing number in which welfare recipients are challenging the fairness of the procedures by which the system of public assistance is administered. See, e. g., Thompson v. Shapiro, 270 F.Supp. 331 (D.Conn.1967), prob. juris. noted, 389 U.S. 1032, 88 S.Ct. 784, 19 L.Ed.2d 820 (Jan. 15, 1968); Smith v. King, 277 F. Supp. 31 (M.D.Ala.1967), prob. juris. noted, 390 U.S. 903, 88 S.Ct. 821, 19 L. Ed.2d 869. The eight individual plaintiffs in this consolidated action are all New York City residents whose welfare assistance has been terminated without a prior hearing. They attack the validity of the rules and regulations promulgated by the defendants—the Commissioner of the State Department of Social Services, the individual members of the State Board of Social Welfare, and the Commissioner of the New York City Department of Social Services—which permitted termination of assistance prior to hearing.

The complaint, seeking declaratory and injunctive relief, is based on the Civil Rights Act, 42 U.S.C. § 1983. Jurisdiction is alleged under 28 U.S.C. § 1343 (3), (4). Plaintiffs have moved for convocation of a three-judge court pursuant to 28 U.S.C. §§ 2281–2284, a preliminary injunction, and a class action order pursuant to Rule 23(c), F.R.Civ.P. Defend-

ants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, for mootness, and for want of standing to sue.

The individual plaintiffs fall into two groups. Four of them—Kelly, Young, DeJesus and Sheafe—were recipients of Home Relief pursuant to N. Y. Social Welfare Law, McKinney's Consol.Laws, c. 55, §§ 157–165, a state and locally funded program not subject to the requirements of the Social Security Act. At the time this complaint was filed, the state regulations evidently did not require a hearing either prior or subsequent to termination of home relief assistance. On January 16, 1968, however, the defendant State Board amended the regulations concerning fair hearings subsequent to termination and made them applicable to Home Relief recipients. See 18 N.Y.C.R.R. pt. 84.3—.23. In addition, home relief recipients are evidently covered by the new procedure for a limited local review prior to termination, pursuant to Regulation 351.26 of the State Department of Social Services, promulgated April 26, 1968.[1]

The remaining four plaintiffs —McKinney, Frye, Guzman and Lett— were recipients of Aid to Dependent Children. N. Y. Social Welfare Law §§ 343–362. ADC is one of the federally assisted categorical aid programs administered under the Social Security Law, 42 U.S.C. §§ 601–609 (1964), as amended (Supp. I, 1965). Pursuant to the mandate of the federal statute,[2] 42 U.S.C.

1. When this suit was commenced no prior hearing of any sort was provided. In response to the present action, and similar actions in other states, the State Department promulgated Regulation 351.26, effective March 1, 1968. This regulation was unacceptable to the City Department. After negotiations between the City and State Department the new regulation, which provides local agencies with two options, was adopted.

2. While § 602(a) (4) is not clear as to when a fair hearing must be held, the HEW regulation thereunder implies that a hearing after termination or suspension is sufficient. See HEW, Handbook of Public Assistance Administration pt.

IV, § 6331. A claim of inconsistency between a state statute or regulation and a federal statute, however, does not warrant convocation of a three-judge court. Swift & Co., Inc. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). But if the jurisdiction of the three-judge court is otherwise properly invoked, it is free to decide the case on the ground that the state statute conflicts with the federal law, or that the federal regulation is not authorized by the federal statute. See United States v. Georgia Public Service Comm'n, 371 U.S. 285, 83 S.Ct. 397, 9 L.Ed.2d 317 (1963); Sterling v. Constantin, 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375 (1932).

§ 602(a) (4), the state statute provides a fair hearing subsequent to termination. N. Y. Social Welfare Law § 353. Present recipients of ADC faced with termination would also be entitled to the notice and local review provided by new Regulation 351.26, and the New York City plan implementing that regulation approved by the State Department May 1, 1968.

The plaintiffs' basic claim is that the state cannot, consonant with due process, terminate public assistance without affording the recipient a prior hearing. They point to the cases requiring a hearing at a meaningful point in the administrative process,[3] and argue that the extraordinary hardship worked upon a recipient by loss of aid compels the conclusion that the meaningful point for hearing is prior to termination. See Note, Withdrawal of Public Welfare: The Right to a Prior Hearing, 76 Yale L.J. 1234 (1967). The defendants apparently agree with this proposition, since, as explained earlier, they have amended the rules to provide for review at the local level prior to termination. In supplementary filed papers, the plaintiffs have challenged the adequacy of the procedures provided by new Regulation 351.26 to satisfy the requirements of due process.

### I.

Does the case in its present posture require convocation of a three-judge court? The defendants raise several objections at the outset.

■ First, they argue that the individual plaintiffs, having failed to invoke the fair hearing procedure after their terminations, have not exhausted their available remedies. While this procedure would only have been available to four of the plaintiffs, in my view exhaustion of a remedy of this sort is not required in a case brought under 42 U.S.C. § 1983. See Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967) (per curiam); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed. 2d 622 (1963).

■ Second, defendants urge that the case is moot, based on affidavits showing that most of the plaintiffs are now receiving public assistance on an emergency basis. Judicial determination of questions of this importance cannot thus be evaded and, in any event, dismissal is not appropriate when the individuals purport to represent a class.

■■ Finally, noting that the thrust of plaintiffs' complaint is directed at state and local administrative regulations, defendants argue that a three-judge court is not required under 28 U.S.C. § 2281. This claim is not without merit, particularly in view of the traditional reluctance of courts, based on needs of judicial economy, to invoke the three-judge procedure. See United States v. Interstate Commerce Commission, 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451 (1949); Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129, 130–131 (2d Cir. 1967). However, where the regulations are of broad applicability, and embody legislative policy on a state-wide basis, three-judge courts have been deemed appropriate. See Oklahoma Natural Gas Co. v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659 (1923); Note, Federal Review of State Welfare Practices, 67 Colum.L.Rev. 84, 106–08 (1967); compare McWood Corp. v. State Corporate Comm'n, 237 F.Supp. 963 (D.N.M. 1965). In my view, a three-judge court is appropriate where, as here, the regulations attacked implement important state social and economic policy.

3. See Opp Cotton Mills, Inc. v. Administrator, 312 U.S. 126, 152–153, 61 S.Ct. 524, 85 L.Ed. 624 (1941); Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129 (1938); Londoner v. City & County of Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103 (1908); compare Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Thorpe v. Housing Authority of Durham, 386 U.S. 670, 87 S.Ct. 1244, 18 L.Ed.2d 394 (1967).

## II.

The remaining question is whether the constitutional issues presented by the complaint, in the present posture of the case, are substantial. Defendants urge that the procedures provided by Regulation 351.26 fully satisfy the requirements of due process and, in essence, meet the demands of the original complaint. Plaintiffs, on the other hand, claim several deficiencies in the new procedures and to illustrate their objections, contrast the new regulation with the procedures provided upon a fair hearing after termination. Specifically, they complain that the new procedures do not provide for confrontation and cross-examination of witnesses, or for an independent hearing examiner.[4] The rules governing fair hearings, on the other hand, plainly provide for confrontation and cross-examination, and are held before state hearing officers specially employed for this purpose. In short, plaintiffs' demand is for a trial-type hearing prior to termination, rather than a documentary review.

Cases requiring that administrative hearings be held before agency action directly affecting personal well-being becomes final are increasingly common. See, e. g., Gonzalez v. Freeman, 118 U.S.App.D.C. 180, 334 F.2d 570 (1964); Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964); Homer v. Richmond, 110 U.S.App.D.C. 226, 292 F.2d 719 (1961). These cases, however, shed little light on the type of hearing required. One test which seems to be evolving requires the court to balance the private right against the government interest to determine the nature of the hearing. See Wasson v. Trowbridge, 382 F.2d 807 (2d Cir. 1967); Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir. 1961). A trial-type hearing is more often required where the matter to be adjudicated relates to an individual's eligibility under or compliance with established standards, rather than a question of the validity of the standards themselves. See Willner v. Committee on Character, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); Goldsmith v. U. S. Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494 (1926); 1 Davis, Administrative Law §§ 7.01–.05 (1958 & Supp.1965).[5] In resolving questions of a factual nature, it is felt that the traditional safeguards of confrontation and cross-examination are required. Cf. Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959).

In my view the question of whether a trial-type hearing is required before termination of welfare benefits presents a substantial constitutional issue. The burden placed upon the state

---

4. Regulation 351.26 provides local agencies with two options.

Under subdivision (a) the local agency must give seven days written notice before suspension of aid, specifying the reasons for suspension. The recipient is entitled to appear before a local social services official occupying a position superior to the person who approved the suspension, and present oral and written relevant evidence and reasons on his behalf, with the aid of counsel or other representative. The official then reviews the evidence with the recipient and his representative and makes his decision.

Under subdivision (b), the option elected by New York City, the same notice requirements prevail. No oral evidence or witnesses, however, are permitted. The recipient or his representative is only entitled to submit in writing a statement or other evidence demonstrating why his grant should be continued. The local official then reviews the case file, and the statement submitted by the recipient, and makes his determination.

5. Where the questions presented raise only issues of law, trial-type hearings are not required. See F. C. C. v. W. J. R., 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949). Nor is confrontation or cross-examination required where the hearing is deemed investigatory, see Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); Anonymous No. 6 v. Baker, 360 U.S. 287, 79 S.Ct. 1157, 3 L.Ed.2d 1234 (1959), or the ruling made is simply advisory. See Norwegian Nitrogen Prods. Co. v. United States, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796 (1933).

and local governments by having to continue to make payments during the pendency of the hearing and decision is slight and has already been assumed by them under the present regulation. The demand that full hearings would make upon agency manpower and funds is no doubt more substantial. When contrasted, however, with the plight of a recipient cut off from all aid while waiting for a full hearing upon appeal to the state agency, I cannot say that the answer is so clear as to make the issue presented constitutionally insubstantial.

■ It should also be pointed out that the type of questions presented by the terminations alleged in the complaint appear to be questions of fact going to the eligibility of the recipients for aid under present standards. The complaint does not challenge any of the standards purportedly relied on by the defendants in terminating assistance, but only the application of those standards to the individual plaintiffs. Questions of this sort are customarily resolved by trial-type hearings.

Finally, in three other cases presenting similar issues, three-judge courts have been convoked. See Williams v. Gandy, Civ. No. GC6728 (N.D.Miss. 1967); Wheeler v. Montgomery, 296 F. Supp. 138 (N.D.Calif.1968); Laze v. Downing, Civ. No. 7–2089–C–2 (S.D. Iowa 1967). Consequently, I conclude that the issues presented by this complaint are not insubstantial and should be heard by a three-judge court pursuant to 28 U.S.C. §§ 2281–2284.

### III.

■ Plaintiffs have also moved for an order pursuant to Rule 23(c), F.R. Civ.P., permitting this case to be maintained as a class action. That rule provides that such a determination shall be made "as soon as practicable after the commencement of an action brought as a class action." While it may be that common questions of law and fact are present here, none of the parties has submitted facts from which I could determine the membership of the class, the adequacy of plaintiffs' representation of the class, the question of possible subclasses, or the type of notice which would be required. Therefore, I conclude that it is not yet practicable to make the determination required by Rule 23(c).

### IV.

■ Plaintiffs also pray for a temporary injunction directing that defendants restore the individual plaintiffs to the welfare rolls and refrain from terminating benefits of other recipients without prior hearings. Since it appears that the individual plaintiffs are presently receiving some benefits, at least on an emergency basis, and in view of the promulgation of the new regulations providing for a form of hearing prior to termination, I do not feel that a temporary injunction is required at this time pending hearing before the full court on the merits.

### V.

■ In accordance with these views, I will notify the Chief Judge of this Circuit that the consolidated action should be heard before a three-judge court pursuant to 28 U.S.C. §§ 2281–2284. The defendants' motion to dismiss for failure to state a claim upon which relief can be granted should also be heard before the full court. Plaintiffs' motion for temporary injunctive relief is denied.

It is so ordered.