**Brent Kurt DUENNEBEIL, Petitioner, Appellee,**

v.

**John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.**

**No. 559–69.**

United States Court of Appeals, Tenth Circuit.

April 28, 1970.

David S. Young, Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Chief Asst. Atty. Gen., Salt Lake City, Utah, on the brief), for appellant.

H. T. Benson, Salt Lake City, Utah (Robert D. Merrill, Salt Lake City, Utah, on the brief), for appellee.

Before PICKETT, Senior Circuit Judge, and LEWIS and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This appeal by Turner, the Warden of the Utah State Penitentiary, is from a writ of habeas corpus granted Duennebeil, a prisoner who had been on remandatory release from the prison.

The issue presented in this case is directed to the lawfulness of a post-revocation hearing in which the parolee admits a parole violation but is not afforded appointed counsel.

This case differs from Alverez v. Turner, 422 F.2d 214 (10th Cir. 1970) in that the trial court released Duennebeil on a writ after an initial show cause hearing without a reference of the matter to the state board of pardons for reconsideration.

Duennebeil relies upon Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969) recognized in *Alverez, supra.*

Warden Turner relies upon Cotner v. United States, 409 F.2d 853 (10th Cir. 1969).

This court recently considered both *Willingham, supra,* and *Cotner, supra,* and concluded: "The limits of the decision in Earnest v. Willingham were carefully set out in Cotner v. United States, * * * wherein we held that the mandatory releasee is not entitled to appointed counsel when the factual issues relating to whether or not he violated the conditions of his release were not contested." Earnest v. Moseley, 426 F.2d 466 (10th Cir. 1970). The record in the case before us clearly indicates that Duennebeil admitted leaving the State of Utah without permission thereby admitting the factual issues of a violation of

the conditions of his remandatory release.

The judgment is reversed and the appellee Duennebeil is remanded to the custody of the warden in whose charge he was when released. The mandate shall issue forthwith.