Eliza **GATLING**, as next friend of Cynthia Gatling, and on behalf of all others similarly situated

v.

Francis J. **BUTLER** et al.

Civ. No. 14067.

United States District Court,
D. Connecticut.

Feb. 24, 1971.

Ruling of Three-Judge Court
March 12, 1971.

Norman J. Johnson, Nicholas J. Cimmino, Waterbury, Conn., for plaintiff.

Robert K. Killian, Raymond J. Cannon, Daniel R. Schaefer, Hartford, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S MOTION TO CONVENE A THREE JUDGE DISTRICT COURT

BLUMENFELD, District Judge.

Plaintiff Cynthia Gatling is an indigent juvenile who has been adjudicated a delinquent by the Juvenile Court for the Second District of Connecticut. She sought review of that adjudication by the Superior Court, see Conn.Gen.Stats. § 17–70(b), but was prevented from obtaining review because the defendants would not docket her appeal without prior payment of the filing fee required by Conn.Gen.Stats. § 52–259 [1] for all cases in the Superior Court. Alleging that the latter statute and its application by these defendants and others deprives her and others similarly situated of constitutional rights of equal protection and due process, she prays that this court assume jurisdiction of her action, allow it to be prosecuted as a class action (both as to plaintiffs and defendants), and convene a three-judge district court pursuant to 28 U.S.C. § 2281 to hear and determine the merits. From the requested three-judge district court, she seeks ultimate relief of a declaration of the invalidity of the statute as applied and a permanent injunction restraining defendants from enforcing it to deny appeals from Juvenile Court adjudications of delinquency on the ground of failure to pay the filing fee, where the appellant is indigent.

The cause came on for a hearing on the application for a three-judge district court. At that hearing, the court was informed that a hearing in the state court had been scheduled for consideration of plaintiff's application for waiver of filing fees, which she had filed some time before. This court, therefore, reserved decision pending a report from the parties of the outcome of the state court hearing.

The parties have now reported back that Judge Meyers of the Superior Court, after a hearing, granted plaintiff Gatling leave to file her appeal without payment of the fee. Defendants now move for dismissal of this action on the ground that Judge Meyers' order eliminated any element of controversy between the parties. Plaintiff disputes the effect of Judge Meyers' ruling and renews her motion for the convocation of a three-judge district court. Defendants further urge that even if the instant case is

[1]. Conn.Gen.Stats. § 52–259 provides in pertinent part:
 "There shall be paid to the clerks of * * * the superior court, for entering each civil cause, forty five dollars, * * *." (1967).

not moot, it does not present a constitutional question of sufficient substantiality to support federal jurisdiction. Resolution of the issues presented by these motions requires consideration of several overlapping questions.

### Class Action

■ Whether plaintiff's claim meets the requirements of a class action is relevant to later consideration of mootness. *See* pages 394–395, infra. Rule 23(c) (1) Fed.R.Civ.P. mandates that the court shall determine by order whether an action brought as a class action may be so maintained "as soon as practicable after the commencement of [the] action * * *." No such order having yet issued in this case, the court turns first to that question.

"To be maintainable as a class action a suit must meet all the requirements set forth in [Rule] 23(a) [2] and also fall within one of the subsections of 23(b)." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 561 (2d Cir. 1968). The sole possible stumbling block in Rule 23(a) for this case is its requirement that the class be "so numerous that joinder of all members is impracticable." Plaintiff has presented no direct evidence that there are any others in the class she purports to represent. Nevertheless, I do not in the circumstances of this case find that a fatal flaw to maintenance of this suit as a class action.

In Connecticut, records of all cases in the Juvenile Court are deemed confidential and are protected by statute from disclosure except upon order of court. Conn.Gen.Stats. § 17–57a (1969). Therefore, plaintiff and her attorney had no way of ascertaining the size of the class or the identity of its members for purposes of this suit. They rely instead on their assumption that there are a significant number of others similarly situated. Common sense would indicate that this assumption is well founded. It is common ground that substantial numbers of appellants from criminal convictions are indigent, *see, e. g.*, Douglas v. California, 372 U.S. 353, 359, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (dissenting opinion of Mr. Justice Clark); Griffin v. Illinois, 351 U.S. 12, 23, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (concurring opinion of Mr. Justice Frankfurter), and there is no reason to suspect that the case is any different with appellants from adjudications of delinquency.[3]

In applying the "so numerous * * *" aspect of Rule 23(a), the trial courts have been cautioned "not [to] be so rigid as to depend upon mere numbers as a guideline on the practicability of joinder; a determination of practicability should depend upon all the circumstances surrounding a case. Hansberry v. Lee, 311 U.S. 32, 41, 61 S.Ct. 115, 85 L.Ed. 22 (1940)." DeMarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968). Unlike *DeMarco*, and Frederick v. Schwartz, 296 F. Supp. 1321, 1322 n. 1 (D.Conn.1969), there is in this case good cause for the absence of a showing as to the size of the class.

It would obviously be impracticable to identify and join those whose identities are cloaked with a statutory shield of confidentiality. On the other hand, it would be a grave injustice to use that shield as a sword to deny those for whose benefit it exists the benefits of proceed-

---

2. Rule 23. Class actions.
   "(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

3. At the hearing on these motions, counsel for the defendants stated he did not know of any compiled record of appeals denied to juveniles because of inability to pay the fee. He characterized such a denial as "the rare situation."

ing as a class. Accordingly, in the circumstances of this case, plaintiff's suit meets the requirement of Rule 23(a) that the class be so numerous that joinder of all members is impracticable. Because the plaintiff alleges additionally that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole," Fed.R.Civ.P. 23(b) (2), plaintiff's suit, if maintainable at all, is maintainable as a class action.[4]

### Mootness [5]

In considering defendants' contention that the case is moot, it is important to consider the record on which it is based. No memorandum or other written indicia of the decision was ever filed. There is only a brief order signed by the clerk, defendant Butler, that the appeal must be docketed "without entry fee" by order of Judge Meyers. Moreover, the transcript of the hearing before Judge Meyers reveals that the hearing was limited to an inquiry concerning the Gatlings' indigency. There was no argument or mention of the constitutional issues now presented to this court.[6] Most significantly, there was no indication whether the state court's ruling was based on its understanding that Conn. Gen.Stats. § 52–259 did not apply to indigents or to indigents appealing from delinquency adjudications. *See* In re Dattilo, 135 Conn. 411, 65 A.2d 262 (1949) (the Connecticut Supreme Court is "without power" to direct a waiver of filing fees in an appeal originating in the Juvenile Court); United States ex rel. Embree v. Cummings, 233 F.2d 188 (2d Cir. 1956) (no reason to believe rule is otherwise in the lower courts). From all that appears, there is nothing to indicate

4. The class plaintiff represents is that composed of "indigent juveniles * * * who have been or may be adjudicated delinquents by decision of the Juvenile Court and have had or will have their statutory right to appeal such adjudications conditioned upon their ability to pay the required filing fees." Plaintiff's complaint ¶ 5. It is not necessary at this time to decide whether plaintiff may require defendants to be sued as a class, and that question is, therefore, reserved for another day.

5. When an action is filed which on its face calls for the convocation of a three-judge district court, the power of the single judge is limited. *See* page 396, *infra.* He must however decide the initial question of federal jurisdiction. Lion Mfg. Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833, 840–841 (1964). It has been recently suggested in this circuit that mootness is a jurisdictional consideration. Consumers Union of United States, Inc. v. Veterans Admin., 436 F. 2d 1363 n. 6 (2d Cir. 1971); and *see* Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Accordingly, it is an appropriate question at this point for consideration by a single judge. Gaddis v. Wyman, 304 F.Supp. 713 (S.D.N.Y.1969); Kelly v.

Wyman, 294 F.Supp. 887, 890 (S.D.N.Y. 1968). It is not immune, however, from reconsideration by the full court when that court is convened.

6. Counsel for defendants makes much of the fact that plaintiff's counsel did not raise the constitutional issues himself at the hearing before Judge Meyers. While it is true he did not (although these issues were presented on the application and argued in the brief), and apparently for tactical reasons, that does not affect the relief available in this court. This is a civil rights action under 42 U.S.C. § 1983, not a petition for habeas corpus under 28 U.S.C. § 2254. Consequently, concepts of waiver and deliberate by-pass are inapplicable.

Shifting ground, counsel for defendants contended at the end of the hearing in this court that the state court ruling was in fact made on constitutional grounds. This court has been shown nothing to evidence a ruling of that kind. While at the first hearing in this court, the case was one appropriate for abstention, the subsequent ruling of the state court cannot be viewed as res judicata on the constitutional issues presented to this court. *Cf.* Hoyt v. LaChance, Civ. No. 12,598 (D.Conn. Apr. 22, 1970).

that Judge Meyers' order is more than an ad hoc waiver of filing fees for Cynthia Gatling. This court is not concerned with the integrity of the decision making process but only with the reach of the order entered. There is no reason to believe the judge decided that the statute requiring fees is inapplicable to this type of case or that the state courts would as a matter of future administrative practice waive fees for indigent appellants of delinquency adjudications.

■■ It is well settled that a defendant cannot by voluntary cessation of a constitutionally challenged practice moot the challenge to that practice or deprive the court of jurisdiction. Gray v. Sanders, 372 U.S. 368, 376, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963); United States v. W. T. Grant Co., 345 U.S. 629, 632–633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); Kennedy Park Homes Ass'n, Inc. v. City of Lackawanna, 436 F.2d 108 (2d Cir. 1970). Of the cited cases, Gray is most like the case at bar. There, after suit had been filed challenging a state statute which provided for the county unit system of counting votes in a party primary, the state Democratic Committee voted to hold that year's primary on a popular vote basis. The Court held this action to be ineffective to moot the challenge because it left the statute in effect to govern future elections. 372 U.S. at 375–376, 83 S.Ct. 801. Likewise here, the ad hoc waiver of an entry fee for Cynthia Gatling leaves § 52–259 in effect and applicable to future indigent juveniles seeking review of delinquency adjudications. Had the state court issued some memorandum explaining its ruling and applying it to future appeals, the Gray rationale would, of course, be inapplicable.[7]

■ Even if Cynthia Gatling's case is rendered moot[8] by Judge Meyers' order,

---

7. Without a ruling applicable to future appeals, the defendants are "free to return to [their] old ways." United States v. W. T. Grant Co., supra, 345 U.S. at 632, 73 S.Ct. at 897, a circumstance which militates against a finding of mootness. Id. Moreover, this might be regarded as a situation "capable of repetition, yet evading review," Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969); Southern Pac. Term. Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911), although that concept seems more appropriately limited to cases where the claim is "inherently elusive of review because of the time required for the judicial machinery to produce a final resolution." Note, Mootness on Appeal in the Supreme Court, 83 Harv.L.Rev. 1672, 1687 (1970) (emphasis added). The facts of the case at bar suggest more readily the "voluntary cessation" line of authority.

Another reason why the court should be cautious in finding mootness in this case is the "public interest in having the legality of the practices settled * * *." United States v. W. T. Grant Co., supra, 345 U.S. at 632, 73 S.Ct. at 897; United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, 309, 17 S.Ct. 540, 41 L.Ed. 1007 (1897); Kennedy Park Homes Ass'n, Inc. v. City of Lackawanna, supra, 436 F.2d at 112; Kelly v. Wyman, supra, 294 F.Supp. at 890.

8. If the named plaintiff's claim stood alone, she might have substantial difficulty in showing "[the] requisite personal stake in the recurrence of the dispute * * *," Consumers Union of United States, Inc. v. Veterans Admin., supra, 436 F.2d at 1365, necessary to defeat mootness even in a case of voluntary cessation of the illegal conduct. See, e. g., Golden v. Zwickler, 394 U.S. 103, 109, 89 S.Ct. 956, 22 L.Ed.2d 113 (1963); United States v. W. T. Grant Co., supra, 345 U.S. at 633, 78 S.Ct. 894; Bowater Steamship Co. v. Patterson, 303 F.2d 369, 371–372 (2d Cir.), cert. denied, 371 U.S. 860, 83 S.Ct. 116, 9 L.Ed.2d 98 (1962). It is unclear just how much of a possibility there must be that the present plaintiff will again be affected by the challenged conduct. In the W. T. Grant case, supra, 345 U.S. at 633, 73 S.Ct. at 897, the Court put a "heavy" burden on the defendant to demonstrate that there was "no reasonable expectation that the wrong will be repeated." In latter cases, the Court has seemed even less concerned. See Moore v. Ogilvie, supra, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed. 2d 1, and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (both cases were of the "evading review" type—

the suit would not be moot as to the other members of the class, and she could continue to litigate the issues as representative of the class. The mooting out of the representative of a class in a class action does not bar his litigating the issues, despite his lack of remaining personal stake. Jenkins v. United Gas Corp., 400 F.2d 28, 33 (5th Cir. 1968); Cypress v. Newport News Gen. & Nonsect. Hosp. Ass'n, 375 F.2d 648, 657–658 (4th Cir. 1967); Vaughan v. Bower, 313 F.Supp. 37, 40 (D.Ariz.), aff'd, 400 U.S. 884, 91 S.Ct. 139, 27 L.Ed.2d 129 (1970); Kelly v. Wyman, *supra*, 294 F.Supp. at 890; *see generally*, Note, *supra*, 83 Harv.L. Rev. at 1689. *But see* Watkins v. Chicago Housing Auth., 406 F.2d 1234, 1235–1236 (7th Cir. 1969).

Defendants contend that this suit cannot be maintained as a class action because one "cannot represent a class of whom [he is] not a part." Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 550, 7 L.Ed.2d 512 (1962). It was determined above that this suit is properly maintainable as a class action. More-

over, "during the interim between filing and the [Rule] 23(c) (1) determination [of whether a suit is maintainable as a class action], it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c) (1)." Gaddis v. Wyman, *supra*, 304 F.Supp. at 715; C. A. Wright, Class Actions, 47 F.R.D. 169, 182 (1970).

Therefore, plaintiff Gatling must be deemed to have been a proper representative of the class from the time suit was initiated. The cases cited above establish that the mooting of her case would not moot that of the class or destroy her right to litigate the issues on their behalf.[9] Defendants' motion for summary judgment or dismissal on the ground of mootness is, therefore, denied.

*Motion to Convene a Three-Judge District Court*

■ On an application for convocation of a statutory three-judge district court, 28 U.S.C. § 2281,[10] the single district

---

*see* footnote 7, *supra*); *but see* in addition to Golden v. Zwickler, *supra*, 394 U.S. at 109, 89 S.Ct. 956; Hall v. Beals, 396 U.S. 45, 49, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969), and Brockington v. Rhodes, 396 U.S. 41, 43, 90 S.Ct. 206, 24 L.Ed. 2d 209 (1969). *See generally*, Note, *supra*, 83 Harv.L.Rev. 1672, 1682–87.

In any event, the court need not decide at this point whether the named plaintiff's case is moot on the ground that she has no personal stake in the recurrence of the challenged conduct. The class action aspect of her suit obviates the necessity of deciding that question.

9. This is not a case like Hall v. Beals, *supra*, 396 U.S. at 48–49, 90 S.Ct. 200, where a class action was held mooted by a change in the law because the representative plaintiffs would not have had standing to bring the action originally under the law as amended. The Court noted that the plaintiffs had "*never* been members" of the class affected by the law as amended, *id.* at 49, 90 S.Ct. 200 (emphasis added), and, therefore, could not

sue as its representative. In Brockington v. Rhodes, *supra*, 396 U.S. 41, 90 S.Ct. 206, 24 L.Ed.2d 209, decided the same day, the Court found a case not mooted by an amendment in the statute because the named plaintiffs would have been affected by the amendment as well. Although the Court found the case moot on other grounds, it indicated that it might not have been moot had plaintiffs sought to maintain a class action.

10. 28 U.S.C. § 2281:
"Injunction against enforcement of State statute; three-judge court required.

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of

judge to whom it is addressed must determine, in addition to the court's jurisdiction, whether the complaint alleges a basis for equitable relief, whether a substantial constitutional question is presented, and whether the case otherwise comes within the terms of the three-judge district court statute. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Green v. Board of Elections, 380 F.2d 445, 448 (2d Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968).

■ Plaintiff in this case seeks an injunction against the enforcement of a statute of statewide application. The fact that plaintiff has been permitted to file her appeal does not necessarily preclude the grant of injunctive relief; "the court's power to grant injunctive relief survives discontinuance of the illegal conduct." United States v. W. T. Grant Co., *supra*, 345 U.S. at 633, 73 S.Ct. at 897; *see* Law Students Civil Rights Research Council, Inc. v. Wadmond, 299 F. Supp. 117, 133 (S.D.N.Y.1969), prob. juris. noted, 396 U.S. 999, 90 S.Ct. 560, 24 L.Ed.2d 492, argued 39 U.S.L.W. 3164 (1970). In any event, injunctive relief in favor of the class would be appropriate if the statute were found unconstitutional.

■ The injunction is sought against state officers. The judges of the Superior Court are clearly state officers against whom injunctive relief is possible in an appropriate case. *Id.* at 123–124; Boddie v. Connecticut, 286 F.Supp. 968, 971 (D.Conn.1968), prob. juris. noted, 395 U.S. 974, 89 S.Ct. 2138, 23 L.Ed. 2d 763 (1969), reargued 39 U.S.L.W. 3221 (1970). Whether their action is "the effective means of the enforcement or execution of the challenged statute," Moody v. Flowers, 387 U.S. 97, 102, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643 (1967), is not before me at this time and can be reserved for a later day. *But see* Bod-

die v. Connecticut, *supra*, 286 F.Supp. at 971. In any event, that question is not determinative of the issue of whether this case fits within the confines of 28 U.S.C. § 2281 because defendant Butler, although clerk of the Superior Court of New Haven County, must also be deemed a state officer. He is appointed by the judges of the Superior Court, Conn.Gen. Stats. § 51–168, and is "functioning pursuant to a statewide policy and performing a state function." Moody v. Flowers, *supra*, 387 U.S. at 102, 87 S.Ct. at 1548. There can be no question but that at least he is primarily responsible for the enforcement of the challenged statute.

■ Declaratory and injunctive relief is sought on the ground that the statute as applied is unconstitutional. A three-judge district court is necessary when a statute is attacked either on its face or as applied. Turner v. Fouche, 396 U.S. 346, 353 n. 10, 90 S.Ct. 532, 24 L.Ed. 2d 567 (1970); *see* Boddie v. Connecticut, *supra*, 286 F.Supp. at 971. The sole remaining inquiry, therefore, is whether the constitutional issue presented is substantial.

Plaintiff's constitutional claim is that Conn.Gen.Stats. § 52–259, by application of its provision for a filing fee to appeals from delinquency adjudications violates rights of due process and equal protection secured to indigent juveniles, as well as all others, by the fourteenth amendment. A constitutional claim may be insubstantial either because "obviously without merit" or because "its unsoundness so clearly results from the previous decisions [of the Supreme Court] as to foreclose the subject." California Water Serv. Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938); Bynum v. Connecticut Comm'n on Forfeited Rights, 410 F.2d 173, 176 (2d Cir. 1969).

That plaintiff's claim is not insubstantial is easily demonstrated. There is no

such statute unless the application therefor is heard and determined by a

district court of three judges under section 2284 of this title."

doubt that if plaintiff were an indigent adult appealing from a criminal conviction,[11] it would be a denial of equal protection and/or due process to condition her right to appeal on the payment of a filing fee. Griffin v. Illinois, *supra*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; *see* Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); Douglas v. California, *supra*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. On the other hand, the Court has not yet gone so far as to extend the rationale of these holdings to access to the courts in civil matters. *See* Boddie v. Connecticut, *supra*, 286 F.Supp. 968 (holding the very same statute involved in this case constitutionally permissible as applied to the initiation of divorce proceedings by indigent women) wherein the Court, after noting probable jurisdiction, 395 U.S. 974, 89 S.Ct. 2138, 23 L.Ed.2d 763 (1969), has twice heard argument (the last time on November 17, 1970) without decision.

Recent Supreme Court expressions on the nature of juvenile proceedings and the rights of juveniles involved in them, suggest that for many purposes a delinquency adjudication is comparable to a felony conviction.[12] See In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In re Gault, 387 U.S. 1, 29, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). And this is so regardless of the state's designation of the proceedings as "civil." See Williams v. Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 1969); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). Nevertheless, despite the rather clear trend of these decisions, the court does not at this point regard them as making "frivolous any claim that [the] statute * * * is not unconstitutional." Bailey v. Patterson, supra, 369 U.S. at 33, 82 S.Ct. at 551.

Accordingly, defendants' motion to dismiss is denied. The Chief Judge of the Court of Appeals will be requested to convene a three-judge district court to hear and decide the issues presented by plaintiff's class action.

So ordered.

## RULING OF THREE-JUDGE COURT.

Before ANDERSON, Circuit Judge, TIMBERS, Chief District Judge, and BLUMENFELD, District Judge.

### PER CURIAM.

The doubt whether it was frivolous to contend that Conn.Gen.Stats. § 52–259 is not unconstitutional, which existed when Judge Blumenfeld requested the convocation of a three-judge district court, has now been resolved by the Supreme Court's subsequent decision in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (Mar. 2, 1971). That case holds that for a state to deny an indigent married person seeking a divorce access to its courts for inability to pay court fees is a deprivation of due process. If it is constitutionally impermissible to bar access to the courts of Connecticut by an indigent private party for adjudication of her right to a divorce, a fortiori an indigent juvenile may not be deprived of an appeal in its courts from the state's adjudication that she is a juvenile delinquent because she is financially unable to pay court fees which are required to enter an appeal. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); cf. Douglas v. California, 372 U.S. 353, 359, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

The Supreme Court decision in *Boddie* has made "frivolous any claim that [the] state statute * * * is not unconstitutional" as applied to the plaintiff. Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962). With the constitutional claim thus established, "the most appropriate

---

11. The Petition of Alleged Delinquency filed in the Juvenile Court charged plaintiff with murder in the first degree.

She was adjudged a delinquent on a finding of manslaughter.

12. *See* footnote 11, *supra*.

course [is] to remand to the single district judge for findings \* \* \* rather than encumber the district court, at a time when district court calendars are overburdened, by consuming the time of three federal judges in a matter that [is] not required to be determined by a three judge court." Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970).

Without passing on the question of whether relief should be granted or, if so, what form it should take, we do not hesitate to hold that now a three-judge district court is not needed in this case, Dale v. Hahn, 440 F.2d 633 (2d Cir. 1971), the three-judge district court is dissolved, and the matter is remanded to the single judge to whom the complaint was originally presented for such further proceedings as are appropriate. *Cf.* Rosado v. Wyman, 304 F.Supp. 1354, 1356 (S.D.N.Y.1969).