**Lamar NORMAN, Jr., Plaintiff-Appellee,**

**v.**

**CONNECTICUT STATE BOARD OF PAROLE, Defendant-Appellant.**

**No. 629, Docket 72-1188.**

United States Court of Appeals, Second Circuit.

Argued Feb. 23, 1972.

Decided April 6, 1972.

Stephen J. O'Neill, Asst. Atty. Gen., Hartford, Conn. (Robert K. Killian, Atty. Gen., Hartford, Conn., on the brief), for defendant-appellant.

Joseph D. Harbaugh, W. Hartford, Conn. (Steven H. St. Clair, Legal Clinic, University of Conn. School of Law, W. Hartford, Conn., on the brief), for plaintiff-appellee.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

On November 15, 1971, Lamar Norman, Jr., who had been released on parole from the Connecticut State Prison at Somers on August 24, 1970, brought this class action individually and on behalf of "all persons who appear before the Connecticut State Board of Parole and wish to be represented by counsel," seeking to enjoin the parole board from proceeding with any parole revocation hearings until members of the class were afforded the right to counsel. Federal jurisdiction was invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and 28 U.S.C. § 1343. Judge Blumenfeld granted summary judgment in favor of plaintiffs and enjoined defendants from denying any member of the class the right to be represented by counsel at his parole revocation hearing, from which defendants appealed.

The events leading to Norman's suit began on September 22, 1971, when he was arrested in Hartford for possession of heroin and conspiracy to violate the state narcotics laws. Soon thereafter Norman was notified by his parole officer that he would be charged with violating the conditions of his parole, and in late October, 1971, he was served with a statement of parole violations based on the Hartford arrest, other criminal charges pending against him in Willimantic, Connecticut, and his failure to notify his parole officer of the Hartford arrest. In response to a request by Norman's counsel that Norman be permitted to be represented by an attorney at the parole revocation hearing to be held in mid-November, the Board of Parole advised that counsel would not be permitted to appear at the hearing. Thereupon this class suit was begun by Norman as the sole named plaintiff.

We have only recently faced the question of whether Connecticut must afford its parolees the opportunity to have counsel present at their parole revocation hearings. In United States ex rel. Bey v. Connecticut State Board of Parole, 443 F.2d 1079 (2d Cir.), vacated as moot, 404 U.S. 879, 92 S.Ct. 196, 30 L. Ed.2d 159 (1971), this Court held that there was a constitutional right to the assistance of counsel in such proceedings. The appellant seeks to limit *Bey* to revocation hearings in which material

issues of fact are in dispute, citing cases to that effect from other circuits. See United States ex rel. Halprin v. Parker, 418 F.2d 313, 315 (3d Cir. 1969); Duennebeil v. Turner, 425 F.2d 1207 (10th Cir. 1970); Gaskins v. Kennedy, 350 F.2d 311, 313 (4th Cir. 1965); *cf.* Mainer v. United States Attorney General, 429 F.2d 389, 391 (5th Cir. 1970); Starnes v. Markley, 343 F.2d 535, 537 (7th Cir.), cert. denied, 382 U.S. 908, 86 S.Ct. 246, 15 L.Ed.2d 160, reh. denied, 382 U.S. 949, 86 S.Ct. 404, 15 L.Ed.2d 357 (1965); Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 246, cert. denied, sub nom. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963).

■■ Under the present posture of this case, however, we decline to decide how far the rule announced in *Bey* is to be extended. On March 6, 1972, during the pendency of this appeal, the criminal charges against Norman were *nolled* by a Connecticut state court. There are thus no outstanding criminal charges against the sole named plaintiff, and no parole revocation hearing pending against him. Norman is therefore no longer a member of the class he seeks to represent. Since it is clear that a named plaintiff cannot bring suit for a class of which he is not a part, Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), and no other member of the class has sought to prosecute the action on behalf of its members, we remand the case to the district court with directions to dismiss the action without prejudice on grounds of inadequacy of representation, F.R.Civ.P. 23(a) (4), unless within 30 days another member of the class is granted leave to intervene. If within that time a new named plaintiff qualifies to prosecute the suit, an appeal from Judge Blumenfeld's injunctive order will be allowed on an expedited basis.

Remanded.