Donald J. LaREAU and Theodore Blessing, Jr., et al.

v.

John R. MANSON, Commissioner of Corrections for the State of Connecticut, et al.

Civ. No. H–74–136.

United States District Court, D. Connecticut.

Sept. 24, 1974.

Donald J. LaReau, pro se.

## MEMORANDUM OF DECISION

BLUMENFELD, District Judge.

Plaintiffs in this action were, at the time the suit was filed, pretrial detainees at the Community Correctional Center in Hartford, Connecticut. They allege, on behalf of themselves and others similarly situated, violations of their rights under the due process and equal protection clauses of the Fourteenth Amendment and 42 U.S.C. § 1983. They seek injunctive and declaratory relief and punitive damages in the sum of $75,000 from each defendant.

More specifically, they allege that the physical conditions in the East Wing of the Community Correctional Center where pretrial detainees are housed while awaiting trial are so unsanitary and unhealthy as to constitute a violation of their civil rights. They charge that the cells in that wing are "extremely small, unsanitary, roach infested, and lack any drinking water facility." They also allege that the defendants have failed to provide water on a regular schedule, clean underwear and socks, and an adequate and sanitary recreation or exercise area. Finally, plaintiffs allege a variety of other conditions which they claim constitute an infringement of their constitutional rights. Among these other claims are the failure to provide a law library for the inmates or stock legal supplies in the jail commissary, failure to provide the detainees with a handbook setting forth the rules of the institution and occasionally confining pretrial detainees to disciplinary cells which are bare and lack toilet and drinking water facilities.

As a preliminary matter, this Court must decide whether to permit this action to proceed as a class action pursuant to Rule 23, Federal Rules of Civil Procedure. Plaintiffs LaReau and Blessing allege that they are pretrial detainees who are confined because of their inability to post bail bond. They seek to represent the class of all other pretrial detainees at the Community Correctional Center in Hartford.

The Court has learned through telephonic communication with the Community Correctional Center that both LaReau and Blessing are no longer detained at that facility. On August 8, 1974, LaReau was transferred to the Connecticut Correctional Institution at Somers. On July 29, 1974, plaintiff Blessing was released on bond pending trial on criminal charges. It is clear, therefore, that the issues in this case as they relate to the prayer for injunctive and declaratory relief have become moot as to them. Russell v. Henderson, 475 F.2d 1138 (5th Cir. 1973); Bryant v. Blackwell, 431 F.2d 1203 (5th Cir. 1970). Neither is being subjected any longer to the conditions of which they complain.

It is equally clear, however, that the mooting of this case as to the named plaintiffs does not necessarily prevent this Court from certifying this as a proper class action. This Court is satisfied from the allegations contained in the complaint that this action satisfies the requirements of Fed.R.Civ.P. 23(a)(1), (2), (3) and (b)(2). Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968); Valvano v. McGrath, 325 F.Supp. 408 (E.D.N.Y. 1970). The only issue which need concern us is whether this Court must refuse to certify this as a class action because of a failure to satisfy the requirements of Fed.R.Civ.P. 23(a)(4) which

provides that "the representative parties [must] fairly and adequately protect the interests of the class."

 As several courts, including this one in Gatling v. Butler, 52 F.R.D. 389 (D.Conn.1971), have said:

"[D]uring the interim between filing and the [Rule] 23(c)(1) determination [of whether a suit is maintainable as a class action], it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1)." *Id.* at 395.

Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir.), cert. denied 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); Washington v. Wyman, 54 F.R.D. 266 (S.D.N.Y. 1971); Gaddis v. Wyman, 304 F.Supp. 713 (S.D.N.Y.1969); Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324 (E.D.Pa.1967). In *Gatling,* this Court held that a class action could be maintained even though the case may have been mooted as to the named plaintiff in the interim between the filing of the action and the Fed.R.Civ. P. 23(c)(1) determination. An appropriate time to determine the representativeness of the named plaintiff for the purposes of Fed.R.Civ.P. 23(a)(4) is as of the filing of the action, not only the date of the determination of the propriety of class action status. See Gaddis v. Wyman, *supra,* 304 F.Supp. at 714–715.

This conclusion is further compelled in this case by the fact that should this Court fail to certify this as a class action, it would be possible that no class of pretrial detainees at the Community Correctional Center would ever be certified. Although no statistics as to the rate of turnover at the Center are available to

this Court, it is apparent that the rate is sufficiently high so that any given named plaintiff would likely have his case mooted before this Court could make a considered Fed.R.Civ.P. 23(c)(1) determination.

 Whether a case presents a question that is "capable of repetition, yet evading review," Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911) is a standard applied in considering whether a federal court may adjudicate an issue even though it may be moot. The policy underlying that standard is also applicable here. Had plaintiffs LaReau and Blessing not brought this action on behalf of a class, this Court would have had no hesitation in dismissing that action as moot. The case would have been capable of review by casting it in the form of a class action, as suggested by DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). Yet, this is precisely what these plaintiffs have done.[1] A failure to certify this as a class action could well render the issues raised in the complaint incapable of review. When considered in this light, the mere fortuity that the named plaintiffs were released or transferred from the Community Correctional Center before this Court had had an opportunity to make a Fed.R.Civ.P. 23(c)(1) determination should not be a bar to the certification of this as a class action. Thus, this Court finds that it would be appropriate to permit this action to proceed as a class action for injunctive and declaratory relief. The certified class includes all present and future detainees at the East Wing of the Community Correctional Center in Hartford.

1. In Jones v. Wittenberg, 323 F.Supp. 93, 99 (N.D.Ohio 1971), aff'd sub nom. Jones v. Metzger, 456 F.2d 854 (6th Cir. 1972), the Court held the following in regard to a class action determination in another challenge to pretrial detention facilities:

"It is apparent also that this action can only be maintained realistically as a class action, the class consisting of those persons who at any given point of time are confined in the Lucas County Jail. The claims of any particular individual could easily become moot at any time, and must become moot within a relative limited period. It is also very difficult to demonstrate that any one individual has suffered a specific wrong which can be righted without regard to the totality of wrongs in the system."
*See* Collins v. Schoonfield, 344 F.Supp. 257 (D.Md.1972).

Having so ruled, however, we are immediately confronted with the problem that the named plaintiffs are *no longer* representative of the class which they seek to represent. In fact, insofar as the case is moot as to them in regard to the prayer for declaratory and injunctive relief, they are no longer members of that class. Mr. LaReau, currently confined at Somers, is undoubtedly more concerned now with the everyday conditions at that institution. Mr. Blessing, no longer confronted with the indignities to which he was allegedly subjected at the Community Correctional Center, is probably and understandably more concerned with the disposition of his criminal charges. It is unlikely that the class of pretrial detainees would be well represented by individuals who themselves are no longer subjected to the conditions of which they complain.

There is some authority for the proposition that the mooting out of the representative of a class action does not bar his litigating the issues, despite his lack of remaining personal stake. For example, in *Gatling*, this Court was faced with a class action challenge to the constitutionality of a Connecticut statute which required the payment of a filing fee as a precondition to the superior court review of delinquency adjudications. During the pendency of the case, the named plaintiff was granted permission to appeal without payment of the filing fee. The Court held that although the case may have become moot as to her, the named plaintiff would not be barred from prosecuting the suit on behalf of the class.

That case is clearly distinguishable. It involved a challenge to a statute, not alleged unconstitutional conditions which could change over a period of time. Despite the mootness of her individual claim, the named plaintiff could be expected to have available to her the evidence necessary to support her claim. In this case, however, where evidence relating to the current conditions at the Community Correctional Center will be crucial to a final determination, the named plaintiffs would not have the personal knowledge of those conditions nor the ability to marshall the evidence necessary to support the claim of the certified class.

Furthermore, since this Court's ruling in *Gatling*, the Court of Appeals for the Second Circuit has held in Norman v. Connecticut State Board of Parole, 458 F.2d 497 (1972) that "it is clear that a named plaintiff cannot bring suit for a class of which he is not a part." *Id.* at 499.

Thus, we seem to be left with a headless body. Such a condition, however, need not be fatal. In *Norman, supra*, plaintiff was a parole violator who had not been afforded counsel at his revocation hearing. This Court enjoined the Board of Parole from denying parolees such a right to counsel. The State appealed and during the pendency of the appeal, the named plaintiff's interest in the case was mooted when the charges which had provided the basis for the parole revocation were nolled. As quoted above, the Court of Appeals held that plaintiff could no longer represent the class of which he was not a part. Rather than remanding the case with an absolute order to dismiss, however, the Court remanded with directions to dismiss the action without prejudice, unless within 30 days another member of the class was granted leave to intervene.

Such an order seems equally as appropriate under the circumstances of this case. This class action for injunctive and declaratory relief from alleged unconstitutional conditions at the Community Correctional Center will be dismissed without prejudice in 30 days from the date of this judgment, unless within that period other members of the certified class seek to intervene in the action. This Court has contacted Attorney Louis Parley of the Legal Clinic at the University of Connecticut who has agreed to handle the further prosecution of this action. Thus, if the claims asserted have any merit, they are not likely to fail for lack of vigorous prosecution. When such a serious claim is presented to this Court, the matter should be considered

on the merits, if possible, not dismissed on a technicality.

 We are still left, however, with the prayer of plaintiffs LaReau and Blessing for punitive damages. That part of their action has not been mooted by their release or transfer from the correctional facility. In analyzing their complaint in the context of their claim that there was a violation of the Eighth Amendment's prohibition of cruel and unusual punishment, it is significant to note that they do not allege that their health was in any way adversely affected by the unhygienic conditions to which they object. Thus they claim no compensatory damages. At the outset, then, it would seem incongruous to award punitive damages to individuals who are no longer subject to the conditions of which they complain and who never suffered any actual injury during the period when they were at the Community Correctional Center.

I find that the complaint fails to set forth any allegations which could support an award for punitive damages. "Punitive damages are to be awarded only in cases of malicious actions in gross disregard of a plaintiff's rights." United States ex rel. Motley v. Rundle, 340 F.Supp. 807, 811 (E.D.Pa.1972); Christman v. Skinner, 468 F.2d 723 (2d Cir. 1972); Lee v. Southern Home Sites Corp., 429 F.2d 290, 294 (5th Cir. 1970); Hayes v. Cape Henlopen School District, 341 F.Supp. 823 (D.Del.1972). Nothing in the complaint even suggests that the allegedly unconstitutional regime at the Correctional Center was imposed or maintained maliciously in wanton disregard of the plaintiffs' rights. In the absence of such allegations, an award of punitive damages would be inappropriate.

 Alternatively, punitive damages may be awarded where such an award would have a "deterrent impact." Sostre v. McGinnis, 442 F.2d 178, 205 (2d Cir. 1971), cert. denied sub nom. Sostre v. Oswald, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). However, in considering the issue of whether punitive damages could conceivably be justified under the allegations in this complaint, a court should be mindful of the fact that punitive damages "are not a favorite in law and are to be allowed only with caution and within narrow limits." Lee v. Southern Home Sites Corp., *supra*, 429 F.2d at 294. With this stricture in mind, I find that even if Messrs. LaReau and Blessing were to prove the factual allegations in their complaint and if it were then concluded that the conditions so proven were so "barbarous" or "shocking to the conscience," LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir. 1972), as to constitute cruel and unusual punishment, that punitive damages to them would still be inappropriate. If the conditions at the Center do violate the prohibition against cruel and unusual punishment, then an injunction will be a more effective means of deterrence. *Cf.* Osborn v. Manson, 359 F.Supp. 1107 (D.Conn. 1973). Therefore, the claim of plaintiffs LaReau and Blessing must be dismissed.

So ordered.