Judy HEUMANN, on behalf of herself and others similarly situated,
Plaintiff,

v.

The BOARD OF EDUCATION OF THE CITY OF NEW YORK, The Board of Examiners of The Board of Education of The City of New York, Dr. Jay Greene, Gertrude Unser, Paul Denn, Murray Rockowitz, all individually, and as members of the Board of Examiners of The Board of Education of The City of New York, Dr. Irving Anker, individually, and as Superintendent of Schools of the City of New York, Defendants.

No. 70 Civ. 2166.

United States District Court,
S. D. New York.

Dec. 7, 1970.

Roy Lucas, Elias M. Schwarzbart, New York City, for plaintiff.

J. Lee Rankin, Corp. Counsel, New York City, for defendants; Victor P. Muskin, Hewlett, N. Y., of counsel.

MANSFIELD, District Judge.

Plaintiff is a physically handicapped person who in February 1970 was denied a license to teach in the New York City schools by the Board of Examiners ("the Board") of the New York City Board of Education on the ground that, being confined to a wheelchair as a result of poliomyelitis, she was physically and medically unsuited for teaching. On April 3, 1970, she notified the Board that she wished to appeal its decision, and the administrative machinery relevant to such an appeal was set in motion. On May 27, 1970, while the appeal was still pending, she commenced this action under 42 U.S.C. § 1983, assertedly a class action, claiming violations of the due process and equal protection guarantees of the Constitution, and seeking declaratory and injunctive relief and damages in the event that she was unable to obtain a teaching post for the school year beginning September 1970.

Judge Motley denied plaintiff's motion for temporary or preliminary relief on the ground that the administrative appeal was pending and would soon be decided. The Board subsequently reversed its initial determination and granted plaintiff a teaching license. The Board has moved to dismiss the action as moot pursuant to Rule 12(h) (3). The motion is granted.

■■ By virtue of the teaching license which was issued to her by the Board, plaintiff is now and was as of September 1970 employed as a teacher in the New York City schools. Thus she has been granted the essential relief demanded in her complaint, and she consequently lacks standing to contest the alleged constitutional inadequacies of the procedures and standards by which her application was judged. Cf. Bailey v. Patterson, 369 U.S. 31, 32, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). In the absence of any showing of continuing or potential harm to this plaintiff, cf. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), further prolongation of the action would violate the "case or controversy" requirement of Article III, Section 2 of the Constitution, Muskrat v. United States, 219 U.S. 346, 356–357, 31 S.Ct. 250, 55 L.Ed. 246 (1910), and would engage this court in the unauthorized activity of rendering advisory opinions, Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 22 L.Ed. 2d 113 (1969).

■ This is not an appropriate case for invocation of the principle that a party may not act so as to render an action moot and thereby frustrate efforts to obtain an adjudication of the constitutionality of its practices. Gaddis v. Wyman, 304 F.Supp. 713, 717 (S.D.N.Y. 1969), affd. sub nom. Wyman v. Bowens, 397 U.S. 49, 90 S.Ct. 813, 25 L.Ed.2d 38 (1970); Kelly v. Wyman, 294 F.Supp. 887 (S.D.N.Y.1968), affd. sub nom. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Those cases do not hold that an action can never be mooted by the actions of a party taken after its commencement; they are directed at the danger that a defendant may deliberately obstruct the efforts of plaintiffs to secure relief for a large and genuine class by the technical expedient of voluntarily granting the requested relief piecemeal to one named plaintiff after another. In this case, plaintiff had by filing her administrative appeal requested the relief which she received, and the Board did not act *sua sponte* in granting her the license. Moreover, there remained other plaintiff-intervenors in *Gaddis* and plaintiffs in *Kelly* who were unaffected by action taken by

the defendants with respect to others. Although plaintiff's counsel filed a post-argument affidavit to the effect that one other similarly situated applicant for a teacher's license is considering intervention, the situation here, unlike that in cases involving alleged discrimination against racial or other minorities, is not one where it is shown that plaintiff represents a substantial number of persons similarly situated, or that there has been consistent unconstitutional discrimination against the members of the purported class. There is nothing to indicate that the Board's action in granting plaintiff a teaching license on administrative appeal represents anything but a reasoned decision based upon the record before it.

█ Plaintiff's claim of damages does not affect the essential mootness of the action. Aside from the fact that a claim for damages, standing alone, will not support a civil rights action under § 1983 and § 1343(3), see Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), damages for the period during which plaintiff's appeal was pending—i. e., April through August 1970—were not specifically claimed in the complaint, which appears to make all damages contingent upon plaintiff's inability to obtain a teaching post beginning September 1970. Nor is there any claim that the procedures employed by the Board are unconstitutional because they consume too much time. Awarding damages for a possible delay in the rendering of a decision upon the administrative appeal would not be appropriate unless it could be shown that a curing of the alleged constitutional deficiencies would necessarily have resulted in a speedier determination of the appeal itself.

In light of the foregoing, we need not reach plaintiff's motion to compel defendants to answer her interrogatories.

The motion to dismiss for lack of jurisdiction over the subject matter is granted.

It is so ordered.