465 F.2d 724
 Dorothy PERKINS, Individually and on Behalf of All Other
Persons Similarly Situated, Appellant,
v.
STATE OF IOWA THROUGH ITS DEPARTMENT OF SOCIAL SERVICES and
James N. Gillman as Commissioner of the Iowa State
Department of Social Services, Appellee.
 No. 71-1675.
 United States Court of Appeals,
 Eighth Circuit.
 Submitted June 13, 1972.
Decided Sept. 5, 1972.
 
 1
 Robert C. Oberbillig, Legal Aid Society of Polk County, Des Moines, Iowa, for appellant.
 
 
 2
 Lorna L. Williams, Sp. Asst. Atty. Gen., Des Moines, Iowa, for appellee.
 
 
 3
 Before ROSS and STEPHENSON, Circuit Judges, and DAVIES,* Senior District Judge.
 
 
 4
 RONALD N. DAVIES, Senior District Judge.
 
 
 5
 The appellant, Dorothy Perkins, appeals from the lower court's dismissal, as moot, her action against the State of Iowa in which she alleged that she and other Iowa residents similarly situated were wrongfully denied Aid to the Permanently and Totally Disabled (APTD).
 
 
 6
 On November 28, 1967, appellant filed an APTD application with the County Department of Social Services of the State of Iowa to secure assistance under a joint state-federal program established pursuant to 42 U.S.C. Sec. 1351 et seq. A Notice of Decision was received on January 22, 1968, denying the application because appellant was "not qualified as totally disabled."[1] An appeal taken to the State Board of Social Welfare resulted in an affirmance on April 16, 1968, of the prior decision.
 
 
 7
 The instant action was then instituted on December 19, 1968, in which the appellant sought:[2]
 
 
 8
 "WHEREFORE, plaintiff on behalf of herself and all others similarly situated prays that this court:
 
 
 9
 (a) assume jurisdiction in this matter;
 
 
 10
 (b) declare that the plaintiff and all others similarly situated are disabled when their disability is considered in light of their age, training, education, skill, sex and race to such an extent that they are unable to perform, obtain, or hold any substantial amount of remunerative work in their occupation or any other established recognized field of employment for which they are fitted;
 
 
 11
 (c) declare that the provisions of the Iowa law pertaining to a fair hearing are inadequate to provide due process of law in violation of the V and XIV Amendments to the Constitution of the United States and 42 U.S.C. 1352(a) (4);
 
 
 12
 (d) declare that the definition of 'disability' as set out in (b) above conforms to the intent of Congress and applicable to the State of Iowa, and its Plan;
 
 
 13
 (e) declare that the Secretary of the Department of Health, Education & Welfare is obligated to notify the State of Iowa that its State Plan is not in compliance with the intent of Congress and the statutory provisions of 42 U.S.C. 1351 et seq.;
 
 
 14
 (f) direct the Secretary of the Department of Health, Education & Welfare to so notify the State of Iowa of their noncompliance and afford the State of Iowa reasonable time to comply, but if failure of Iowa to comply within a reasonable time, to notify the Secretary of the Treasury pursuant to 42 U.S.C. 1354 that the State of Iowa is in noncompliance;
 
 
 15
 (g) issue a permanent injunction prohibiting the State of Iowa from denying assistance to needy persons in Iowa otherwise eligible to receive said benefits but for the limited definition and method of determining said definition of disability as presently applied in the State of Iowa;
 
 
 16
 (h) issue a permanent injunction prohibiting the State of Iowa from denying a fair hearing to the plaintiff and those persons similarly situated as the plaintiff; and,
 
 
 17
 (i) issue a temporary injunction prohibiting a denial of money assistance to the plaintiff, and all others similarly situated as the plaintiff, who are otherwise eligible to receive said benefits except for the limited definition and method of determining said definition of 'disability' as presently applied in the State of Iowa, and allow plaintiff her costs and any and all other relief as the court may deem just and appropriate."
 
 
 18
 On April 21, 1971, the defendant moved to dismiss the action as being moot in that appellant's re-application for APTD had been approved commencing April 7, 1971.
 
 
 19
 On May 10, 1971, a pre-trial order was entered which contained, inter alia, the following:
 
 
 20
 "4. (a) The factual contentions of the plaintiff, and all others similarly situated, are:
 
 
 21
 (1) There is not a proper fair hearing procedure here in Iowa consistent with the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, and applicable federal law and regulations pertaining to fair hearings under 42 USC Sec. 1351 et seq.
 
 
 22
 (2) The definition and criteria used by the State of Iowa does not comply with the intent of Congress and is thereby illegal. Plaintiff contends that it is the intent of Congress to provide coverage to individuals who are unemployable as a result of their disability.
 
 
 23
 (3) A proper showing has been made for the court to certify a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.
 
 
 24
 (4) A proper showing has been made for the court to find that this cause is not moot where the plaintiff seeks injunctive relief, a justifiable controversy still exists, and there is present in the issues raised a substantial public interest.
 
 
 25
 ******
 
 
 26
 * * *
 
 
 27
 "5. (a) The triable issues as contended by the plaintiff and all others similarly situated are:
 
 
 28
 (1) There is not a proper fair hearing procedure in Iowa consistent with the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States and applicable federal law and regulations pertaining to fair hearings under 32 USC Sec. 1351 et seq.
 
 
 29
 (2) The intent of Congress as to the meaning of the word disability is binding on the State of Iowa, and that any definition of disability that does not provide coverage to individuals that are unemployable as a result of their disability is illegal." (Emphasis added.)
 
 
 30
 On September 14, 1971, the order from which this appeal is taken was entered dismissing appellant's cause of action as moot and contained, as far as is pertinent, the following:
 
 
 31
 "This matter is before the court on defendant's motion to dismiss and the parties' agreement to submit the case for final determination upon the stipulations in the Order on Final Pre-Trial Conference without oral argument or further presentation of evidence. "In this action plaintiff claims that the State of Iowa, through the Department of Social Services, has wrongfully denied Aid to the Permanently and Totally Disabled (APTD) [42 USC Sec. 1351 et seq.] funds to her and other Iowa residents similarly situated. Plaintiff's contentions are: 1) That this is a proper class action under Rule 23, FRCP; 2) that the definition of and criteria for 'disability' used by defendant (Rule 9.4, 1966 Iowa Department Rules) is contrary to the intent of Congress; 3) that Iowa does not now have a fair hearing procedure consistent with due process and applicable federal law."Defendant contends that this case is moot and should be dismissed because plaintiff began receiving social security benefits under the APTD program on April 6, 1971. The court is of the view that as to plaintiff this case is moot. Gaddis v. Wyman, 304 F.Supp. 713 (S.D.N.Y.1969). She has been granted the essential relief demanded in her complaint and she lacks standing to contest the alleged deficiencies in the standards by which she was judged. See, Heumann v. Board of Education of the City of New York, 320 F.Supp. 623 (S.D.N.Y.1970). This is not an appropriate case for invocation of the principle that a party may not act so as to render an action moot and thereby frustrate efforts to obtain an adjudication of the constitutionality of its practices. Gaddis, supra."
 
 
 32
 It was then that "* * * plaintiff brought to the court's attention, after the court order entered from which plaintiff appealed, * * * the issue of retroactive application of 45 C.F.R. 205.10(a) (13)."[3] ,[4]
 
 
 33
 It is now urged that appellant is entitled to retroactive payment[5] and is consequently entitled to a determination that the original decision denying APTD assistance was incorrect. To do so would require this Court to hold that this issue was adequately raised by the amended complaint. This we decline to do. It would be tantamount to requiring a trial court to consider every conceivable collateral issue that could have been raised by the pleadings under the guise that the phrase ". . . and allow plaintiff her costs and any and all other relief as the court may deem just and appropriate" did so.
 
 
 34
 The order appealed from is affirmed.
 
 
 
 *
 Sitting by special assignment
 
 
 [1]
 "Disability means a permanent, total impairment of such severity that the individual requires assistance from another person in performing the normal activities of daily living
 "Permanent disability means an impairment of major importance which medical determination indicates is likely to continue throughout the lifetime of the individual and is not likely to respond to any known therapeutic procedures.
 "Total disability means an impairment so severe as to substantially preclude engagement in a useful occupation including homemaking. [Iowa Department of Social Services Employees' Manual, Section V, Chapter 4, p. 6 (Revised May 13, 1968)]."
 
 
 [2]
 The complaint as amended October 6, 1969
 
 
 [3]
 Letter brief of appellant dated June 15, 1972, submitted subsequent to oral argument, directed to the issue of whether or not the general prayer for relief contained in appellant's complaint would encompass retroactive payment of previously denied APTD payments
 
 
 [4]
 45 C.F.R. 205.10(a) (13). "When the hearing decision is favorable to the claimant, or when the agency decides in favor of the claimant prior to the hearing, the agency will make corrective payments retroactively to the date the incorrect action was taken or such earlier date as is provided under State policy." (April 14, 1971) Substantially the same as 6200(K), Pt. IV, Handbook of Public Assistance Administration, which was in effect from 1967 until 1971
 
 
 [5]
 Parker v. Hall, (8th Cir. April 20, 1972), is not apposite in that the appellant there was not receiving poor relief and there still remained a period of approximately two and a half months before the repeal of the statute under attack became effective