**Rosa RIVERA, Plaintiff-Appellant,**

**v.**

**The Honorable Marvin A. FREEMAN, Judge of the Superior Court of the State of California, et al., Defendants-Appellees.**

**No. 71-1351.**

United States Court of Appeals, Ninth Circuit.

Nov. 17, 1972.

1160

Ernest L. Aubry (argued), of Western Center on Law & Poverty, Los Angeles, Cal., for plaintiff-appellant.

John P. Farrell, Deputy County Counsel (argued), Eugenia B. Maxwell, Deputy County Counsel, John D. Maharg, County Counsel, Los Angeles, Cal., for defendants-appellees.

Joe A. Cannon, Assoc. Director, Ellen C. Hanson, Ralph Michael Faust, Jr., St. Louis, Mo., for amicus curiae, National Juvenile Law Center.

Before BARNES and JERTBERG, Circuit Judges, and EAST,* District Judge.

BARNES, Circuit Judge:

This is an appeal by Rosa Rivera, a minor, by and through her mother, Gloria Rivera. It is a class action on behalf of herself and "all individual juveniles under the age of 18 who are residents of California or who are other juveniles under 18 who may be subject to arrest by any law enforcement agency acting under and pursuant to the laws of the State of California." [C.T. at 2].

The action was filed pursuant to 42 U.S.C. §§ 1983 and 1985. Jurisdiction

* The Honorable William G. East, United States District Judge of Oregon, sitting by designation.

was invoked pursuant to 28 U.S.C. § 1343. The action attacks the constitutionality of portions of the California Welfare and Institutions Code relating to the detention of minors taken into custody by state officials.[1] Jurisdiction here rests on 28 U.S.C. § 1291.

Three issues were raised below: first, that juveniles may be detained up to 72 hours or more without a judicial hear-

---

1. Cal.Wel. and Inst.Code (West 1972).

§ 628. Investigation; release of minor

(a) Upon delivery to the probation officer of a minor who has been taken into temporary custody under the provisions of this article, the probation officer shall immediately investigate the circumstances of the minor and the facts surrounding his being taken into custody and shall immediately release such minor to the custody of his parent, guardian, or responsible relative unless one or more of the following conditions exist:

(1) The minor is in need of proper and effective parental care or control and has no parent, guardian, or responsible relative; or has no parent, guardian, or responsible relative willing to exercise or capable of exercising such care or control; or has no parent, guardian, or responsible relative actually exercising such care or control.

(2) The minor is destitute or is not provided with the necessities of life or is not provided with a home or suitable place of abode.

(3) The minor is provided with a home which is an unfit place for him by reason of neglect, cruelty, depravity or physical abuse of either of his parents, or of his guardian or other person in whose custody or care he is.

(4) Continued detention of the minor is a mater of immediate and urgent necessity for the protection of the minor or the person or property of another.

(5) The minor is likely to flee the jurisdiction of the court.

(6) The minor has violated an order of the juvenile court.

(7) The minor is physically dangerous to the public because of a mental or physical deficiency, disorder or abnormality.

(b) In any case in which there is reasonable cause for believing that a minor who is under the care of a physician or surgeon or a hospital, clinic, or other medical facility and cannot be immediately moved is a person described in subdivision (d) of Section 600, the minor shall be deemed to have been taken into temporary custody and delivered to the probation officer for the purposes of this chapter while he is at the office of the physician or surgeon or such medical facility. (Stats.1961, c. 1616, p. 3474, § 2. Amended by Stats.1967, c. 1356, p.

3196, § 1; Stats.1971, c. 1389, p. 2742, § 2; Stats.1971, c. 1729, p. 3677, § 2.5.)

§ 630. Filing petition; notice of hearing; privilege against self-incrimination; confrontation by and cross-examination of witnesses

(a) If the probation officer determines that the minor shall be retained in custody, he shall immediately file a petition pursuant to Section 656 with the clerk of the juvenile court who shall set the matter for hearing on the detention hearing calendar. Immediately upon filing the petition with the clerk of the juvenile court, if the minor is alleged to be a person described in Section 601 or 602, the probation officer shall serve such minor with a copy of the petition and notify him of the time and place of the detention hearing. The probation officer shall thereupon notify a parent or guardian of the minor of the time and place of such hearing. Such notice may be given orally.

(b) In such hearing the minor has a privilege against self-incrimination and has a right to confrontation by, and cross-examination of, any person examined by the court as provided in Section 635.

(Added by Stats.1961, c. 1616, p. 3474, § 2. Amended by Stats.1967, c. 1355, p. 3193, § 3; Stats.1968, c. 536, p. 1188, § 1.)

§ 631. Release within 48 hours; exceptions; written explanation for custody over 6 hours.

(a) Whenever a minor under the age of 18 years is taken into custody by a peace officer or probation officer, except when such minor willfully misrepresents himself as 18 or more years of age, such minor shall be released within 48 hours after having been taken into custody, excluding nonjudicial days, unless within said period of time a petition to declare him a ward or dependent child has been filed pursuant to the provisions of this chapter or a criminal complaint against him has been filed in a court of competent jurisdiction.

(b) Whenever a minor who has been held in custody for more than six hours by the probation officer is subsequently released and no petition is filed, the probation officer shall prepare a written explanation of why the minor was held in custody for more than six hours. The

ing in violation of the Fourteenth Amendment; second, that juveniles are afforded less protection than that guaranteed them under the Eighth and Fourteenth Amendments; and, third, that the denial of the right to post money bail, subsequent to a hearing and a decision to detain, denies the juvenile equal protection of the law under the Fourteenth Amendment. [C.T., pp. 38–39].

The Complaint seeks injunctive and declaratory relief pursuant to 28 U.S.C. § 2201, and the convening of a three-judge district court pursuant to 28 U.S. C. §§ 2281 and 2284.

The district court dismissed the action, holding: (1) that the California juvenile detention statutes are "constitutional on their face beyond any substantial question;" (2) that "no substantial question of the constitutionality of the application of the challenged provisions to the plaintiff [had] been raised;" (3) that "the periods of temporary custody provided for are reasonable and that the California Juvenile Court Law provides for alternate release procedures which are an adequate substitute for bail;" and (4) that the plaintiff failed to state a claim upon which relief could be granted. [C.T., pp. 124, 125]. The instant appeal is from that decision.

Rosa Rivera was taken into temporary custody at 7:30 p.m. on Wednesday, September 16, 1970, by Los Angeles County Deputy Sheriffs on a charge of assault with a deadly weapon. Later that same evening she was placed in the custody of certain appellees, officials of the Los Angeles County Probation Department.

In the early morning of September 17, 1970, the appellant's mother unsuccessfully attempted to secure the appellant's release. In a second attempt the appellees told her that the appellant would be held "in temporary custody" pending a detention hearing on the following Monday morning, September 21, 1970. No hearing at that time, was held, however. The appellees investigated the case, and upon review, they released appellant on the afternoon of Friday, September 18, 1970. The complaint was filed on her behalf in the United States District Court prior to her release. On November 4, 1970, the appellees filed a petition in the Juvenile Court of Los Angeles County against appellant relating to the charge of assault with a deadly weapon. Hearings were held on the matter and the petition was sustained. A brief of Amicus Curiae, National Juvenile Law Center, has been filed and considered.

This case presents substantial questions relating to a juvenile's right to bail in a juvenile proceeding and to a detention hearing. Before moving to the merits of these issues, however, the court must first determine whether this case is a proper one for judicial resolution. We hold it is not.

■ MOOTNESS: Appellees first contend that the case is moot, and thus deny the power of the district court to adjudicate the merits of the case. The limited jurisdiction of all federal courts

---

written explanation shall be prepared within 72 hours after the minor is released from custody and filed in the record of the case. A copy of the written explanation shall be sent to the parents, guardian, or other person having care or custody of the minor.
(Added by Stats.1961, c. 1616, p. 3475, § 2. Amended by Stats.1969, c. 1008, p. 1979, § 1; Stats.1971, c. 1543, p. 3051, § 1).
§ 632. Detention hearing; release
Unless sooner released, a minor taken into custody under the provisions of this article shall be brought before a judge or referee of the juvenile court for a hearing (which shall be referred to as a "detention hearing") to determine whether the minor shall be further detained, as soon as possible but in any event before the expiration of the next judicial day after a petition to declare such minor a ward or dependent child has been filed. If the minor is not brought before a judge or referee of the juvenile court within the period prescribed by this section, he shall be released from custody.
(Added by Stats.1961, c. 1616, p. 3475, § 2. Amended by Stats.1963, c. 917, p. 2166, § 5.)

requires, preliminarily, that there be a "case" or "controversy" in existence. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). The absence of either denies a federal court the power to hear a matter otherwise before it.

Appellees suggest that since appellant was released from custody within forty-eight hours of her incarceration, there was no "continuing or collateral injury," and none "could have resulted." They rely upon § 827 of the California Welfare and Institutions Code, which provides for limited disclosure of juvenile records to ". . . court personnel, the minor who is the subject of the proceeding, his parents or guardian, the attorneys for such parties, and such other persons as may be designated by court order . . ."; and § 781, which provides for sealing of the records of a juvenile after a period of ". . . five years or more after the jurisdiction of the juvenile court has terminated as to the person . . ." Appellees conclude that a juvenile would be free of any stigma resulting from state action pursuant to the California Juvenile Court Law. *See* Comment, 1961 California Juvenile Court Law: Effective Uniform Standards for Juvenile Court Procedure, 51 Calif.L.Rev. 421, 445–447 (1963). *Cf.* T.N.G. v. Superior Court, 4 Cal.3d 767, 94 Cal.Rptr. 813, 484 P.2d 981 (1971). This argument, however, relates to whether or not the appellant's civil rights were violated. It therefore goes to the merits of the case, and is not proper grounds for a claim of mootness.

Any basis for mooting the case as to appellant Rosa Rivera, however, will not preclude the continuing jurisdiction of the district court as to others of her original class, nor bar her litigating the issue in their behalf. This is a class action and recent cases (including a three judge case from this circuit), have held that "[t]he mooting out of the representative of a class in a class action does not bar his litigating the issues, despite his lack of remaining personal stake." Gatling v. Butler, 52 F. R.D. 389, 395 (D.Conn.1971).[2]

STANDING: Appellees further contend that the case at bar is nonjusticiable because appellant lacks standing to sue. The complaint alleges that appellant's civil rights were violated by statutes which provide for detention of 72 hours or more. Appellees argue that since appellant was detained for only 43 hours, her rights were not violated and she cannot, therefore, challenge the statutes.

At the time of the filing of the complaint, however, appellant, as minor, was subject to the Juvenile Court law and the challenged provisions therein. Although in retrospect she suffered no further detention without a hearing, the possibility of it was very real. She therefore had standing to bring this action, having alleged the two nexuses supporting her claim of standing. *Cf.* Flast v. Cohen, *supra.*

ABSTENTION: Appellees would have the court abstain from deciding the merits of this case. They rely, principally, upon Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and Kinney v. Lenon, 447 F.2d 596 (9th Cir. 1971). Younger v. Harris concerned an action to stay a state court criminal proceeding on the grounds that the subject penal statute was in violation of the First and Fourteenth Amendments. The Supreme Court held that abstention was proper, reversing a lower court injunction.

---

2. Jenkins v. United Gas Corp., 400 F.2d 28, 33 (5th Cir. 1968); Cypress v. Newport News Gen. and Nonsect. Hosp. Ass'n, 375 F.2d 648, 657–658 (4th Cir. 1967); Thomas v. Clarke, 54 F.R.D. 245, 252 (D.Minn.1971); Vaughan v. Bower, 313 F.Supp. 37, 40 (D.Ariz.) (three-judge district court), aff'd, 400 U.S. 884, 91 S.Ct. 139, 27 L.Ed.2d 129 (1970); Kelly v. Wyman, 294 F.Supp. 887, 890 (S.D.N.Y.1968). *Contra*: Watkins v. Chicago Housing Auth., 406 F.2d 1234, 1235–1236 (7th Cir. 1969). *See Generally*: Note, Mootness on Appeal in the Supreme Court, 83 Harv.L.Rev. 1672 (1970).

". . . [T]he possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it . . ." The appellant must ". . . make [a] showing of bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." 401 U.S. at 54, 91 S.Ct. at 755.

In Kinney v. Lenon, *supra*, this court applied the rule of Younger v. Harris to a state juvenile court proceeding. *Kinney*, at 598–601.[3] See generally: Note, 72 Colum.L.Rev. 874.

 In applying *Harris* and *Kinney* to the case at bar the threshold question is whether this action was an attempt to stay state court proceedings. 401 U. S. at 41, 91 S.Ct. 746. Amicus presents the interesting argument that *Harris* does not apply because the substance of the attack here was not to stay state court proceedings, but to attack a "procedural incident related to such prosecutions." (Amicus' brief at 15. Appellant makes a similar distinction in her reply brief at 29.) This argument, however, was prepared prior to our ruling in *Kinney*. Although appellant herein was released from custody, and Kinney was not, the facts are not materially different. Therefore, based on our decision in *Kinney*, the rule in *Harris* must apply to the case at bar.

 *Harris* holds that "special circumstances" must be shown before a federal court may "stay or enjoin pending state court proceedings." *Id.* The same policy requirement has been made for declaratory relief (Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)), and for relief pursuant to 42 U.S.C. § 1983 (Mitchum v. Foster, 407 U.S. 225, 243, 92 S.Ct. 2151, 32 L.Ed.2d

705 (1972); and *Kinney, supra*, 447 F. 2d 602–603)). In addition, there must be no adequate remedy at law before a federal court, as a court of equity, may act. *Harris, supra*, 401 U.S. at 43, 91 S.Ct. 746. These requirements are in the conjunctive, and therefore place a heavy burden of proof on the appellant.

The *Harris* Court defined the "special circumstances" requirement as a showing of irreparable injury which is "both great and immediate." *Id.* at 46, 91 S.Ct. 746, relying on Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926).

"The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." Fenner v. Boykin, at 244, 46 S.Ct. at 493.

The test for determining whether the state court proceeding would "afford adequate protection" is whether "the threat to the plaintiff's federally protected rights . . . [is] . . . one that cannot be eliminated by his defense against a single criminal prosecution." *Harris, supra*, 401 U.S. at 46, 91 S.Ct. at 751.

 Appellant has not alleged bad faith or harassment, as found in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). The narrow question, then, is whether the Constitutional claims could have been properly raised in the state court. *Harris, supra*, 401 U.S. at 49, 91 S.Ct. 746. It was held they could have been properly raised in both *Harris* and *Kinney*.

Appellant and appellees appear to be in accord that the constitutional question of bail in California juvenile court

3. Kinney, a minor child and resident of the State of Oregon, was charged in an Oregon state juvenile court with two crimes of violence and placed in a juvenile detention home. The Juvenile Referee denied his motion for release. While the state proceedings against him were pending, a complaint was filed in the United States District Court seeking relief similar to that in the case at bar. At issue was an Oregon statute which denied bail to minors. The court held Kinney was "in the same position as was Harris in Younger v. Harris", and denied injunctive relief and an application for a three-judge district court. 447 F.2d at 601.

proceedings has been decided by the California courts, *i. e.,* no bail is allowed, but provision for release to parents without bail, is among other proceedings, adequate protection.[4] They rely upon In re Castro, 243 Cal.2d 402, 52 Cal. Rptr. 469 (1966), and In re William M., 3 Cal.3rd 16, 89 Cal.Rptr. 33, 473 P.2d 737 (1970).

*In re Castro* was a decision rendered by a California intermediate appellate court. Although the case turned on an evidentiary ruling, the question of bail was raised by the parties and avoided by the court. 52 Cal.Rptr. at 475. It was held that the bail issue would have been properly raised ". . . by a writ of *habeas corpus* or other appropriate writ before judgment at the time of the court's refusal to release the minor." *Id.* In re William M. was a recent unanimous decision by the California Supreme Court. It concerned the procedures to be followed in a detention

hearing, not a juvenile's right to bail. In note 17 the court addressed the issue of bail:

"The California Juvenile Court Law, as properly administered, provides an adequate system for the prehearing release of juveniles without the requirement of posting bail. (Citations.) Hence, we decline to consider whether juveniles are constitutionally entitled to bail."

In view of these cases, we conclude that the question of whether a juvenile has a right to bail under the Constitution has not been decided by the California state courts. There is no showing that the state courts are inadequate or unfair, or will not meet the issue when that issue is properly presented to them. Therefore, by virtue of the longstanding policies of comity and federalism, we affirm the decision of the district court dismissing the action.[5]

4. The appellees argue that although the issue has been decided, it has not been "foreclosed". Appellant's reply brief at 31; appellees' brief at 12.

5. We have been referred to certain recent Supreme Court cases, which are alleged to be controlling in this case. They do not change our conclusions.

In Lake Carriers v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972), the Supreme Court did not approve of many of the lower three-judge Court's reasons for abstention, but did find that the *Younger* case rationale was premised primarily, and properly, "on considerations of equity practice and comity . . . that *have little force in the absence of a pending state proceeding.*" (p. 509, 92 S.Ct. p. 1757) It found a different reason for abstention, i. e., the "proposed federal standards" (to apply to airplanes and ships) "which might be considered" by Michigan in its enforcement of its statute was a "special circumstance" permitting abstention. If state proceedings are not pending, "considerations of equity practice and comity

in our federal system that have little force". *Lake Carriers*, p. 509, 92 S.Ct. p. 1757. *Younger* and *Kinney* were cases as is this, where there was a state proceeding pending.

In Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), the Supreme Court held the federal anti-injunction statute (28 U.S.C. § 2283) is not an absolute prohibition against all injunctions for 42 U.S.C. § 1983 is an "expressly authorized exception to § 2283", as stated by Justice Douglas in *Younger* (401 U.S., 62, 91 S.Ct. 746) and that there must be exceptions, and after listing other exceptions and the Congressional history of § 1983, concluded that "§ 1983 is an Act of Congress that falls within the 'expressly authorized' exception of that law."—(§ 2283).

". . . we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court [criminal] proceeding." Mitchum v. Foster, 407 U.S. p. 243, 92 S.Ct. p. 2162.