**Frank GERACI, Jr., Individually and on behalf of all other persons similarly situated, Plaintiff-Appellant,**

v.

**James TREUCHTLINGER, Commissioner of Corrections for the County of Nassau, and Walter Flood, Warden of the Nassau County Jail, Individually and in their official capacities, Defendants-Respondents.**

No. 54, Docket 73-1496.

United States Court of Appeals, Second Circuit.

Argued Oct. 9, 1973.

Decided Nov. 19, 1973.

Matthew Muraskin, Mineola, N. Y. (James J. McDonough, Attorney in Charge, Legal Aid Society of Nassau County, Mineola, N. Y., Marcia H. Sukenik, New York City, of counsel), for plaintiff-appellant.

Benedict F. Romano, Deputy County Atty. (Joseph Jaspan, County Atty., of Nassau County, Mineola, N. Y., Blagio Giaquinto, Senior Deputy County Atty., of counsel), for defendants-respondents.

Before FRIENDLY, ANDERSON and MULLIGAN, Circuit Judges.

PER CURIAM:

The plaintiff-appellant, Frank Geraci, Jr., began to serve a six-month sentence in the Nassau County Jail, a New York State institution, on November 11, 1972 for violation of probation and attempted possession of a dangerous drug in the fourth degree. On that date he was instructed by a jail officer to cut his hair one inch. A month later he was again instructed to cut his hair, but this time he refused. He was thereupon remanded to an "administrative tier" on December 13, 1972. One week later, Geraci and about a dozen other inmates who were in the administrative tier were orally advised of Nassau County Sheriff's Order Number 25, dated October 9, 1972, which in essence requires prisoners to keep their hair neat, clean and trimmed, not touching the ears or collar except for the closely cut hair on the back of the neck. A prison official further read New York Correction Law § 804 (McKinney's Consol.Laws, c. 43, 1968) and informed the inmates that, pursuant to that statute, "good time" allowances would be removed from those who violated the Sheriff's Order. Geraci and nine other inmates refused to have their hair cut and Geraci was denied his good time allowance.

Geraci thereupon commenced this civil rights action in the United States District Court for the Eastern District of New York, individually and on behalf of all males incarcerated in the Nassau County Jail who were threatened with or who had received punishment for refusal to cut their hair. The complaint purports to state a claim under 42 U.S. C. § 1983, alleging that the Order is unconstitutional because it deprives the class members of the Fifth and Fourteenth Amendment rights of equal protection and due process. Plaintiff claims that the Order is not enforced against females, male Black Muslims or Hasidic Jews, and that he and other class members have been deprived of good time without the benefit of a hearing.

By order to show cause dated February 23, 1973, Geraci sought: (A) an order pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure that the action proceed as a class action in accordance with Rule 23(a) & (b)(2) on the ground that class membership was so numerous that joinder of all was impractical and that the claims were common and typical, making appropriate fi-

nal injunctive and declaratory relief with respect to the class as a whole; (B) a preliminary injunction pursuant to 28 U.S.C. § 2281 enjoining the defendants from punishing the plaintiff and all similarly situated pending the hearing and determination of the action by the court. The affidavits in opposition to the motion urged in part that the case did not warrant class action treatment since there was no showing that all or even a majority of the inmates agreed with the plaintiff's position, and that in fact the number of inmates disturbed by the regulation was minimal.

By memorandum decision and order, Hon. John R. Bartels, United States District Judge, Eastern District of New York, denied the motion and dismissed the complaint as a class action, on March 20, 1973, finding no constitutional infirmity in the regulation. The district judge determined that the Sheriff's Order had a hygienic objective, that the exception for females and religious objectors was justified on traditional distinctions between hair modes of males and females and on religious grounds, and finally that there was no violation of procedural due process. This appeal followed.

[1, 2] On April 29, 1973, Geraci was released from the Nassau County Jail. Under familiar principles holding that we have no jurisdiction where there is no actual controversy, the appeal must be dismissed as moot. Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). Geraci sought no damages and even if a nominal monetary recovery were sought, the action here would fail for mootness. Kerrigan v. Boucher, 450 F.2d 487 (2d Cir. 1971).

■ We cannot denominate this a class action since the court below, hav-ing decided the case on the merits, made no finding under Rule 23 that a class action existed. There was no determination that the class was so numerous that joinder was impracticable (a disputed issue), and in fact no determination was made that any of the prerequisites of Rule 23(a) & (b)(2) were met. No order issued pursuant to Rule 23(c) and no notice to the purported members of the class was ever issued. Even if a class action had been declared, the loss of standing of the champion, the sole named member of the class sought to be represented, would moot the appeal. See Norman v. Connecticut State Board of Parole, 458 F.2d 497, 499 (2d Cir. 1972) (*per curiam*).

Moreover, there is no indication of interest by way of intervention by any member of the class in this federal action. On the contrary, one Walter Handlin, a prisonmate of Geraci at the Nassau County Jail and presumably a member of the putative class, turned to the New York State Supreme Court, Nassau County, in March, 1973, for relief in an Article 78 proceeding. Handlin had the same aversion to tonsorial attention as Geraci, suffered the same penalty, and secured the same counsel who has raised the same issues in that proceeding. A decision adverse to Handlin was rendered by Supreme Court Justice McCaffrey on April 6, 1973, and an appeal from his order is presently pending in the Appellate Division, Second Department (Handlin v. Flood, Appeal No. 1541E). Since a choice to pursue the state remedy was freely made by counsel, whatever reluctance we might otherwise have to dismiss here without reaching the merits, has evanesced. There is a direct route to the Supreme Court from any decision adverse to Handlin. See 28 U.S.C. § 1257(2) & (3).

Appeal dismissed.