**Bernice ALLEN, Plaintiff-Appellant,**

v.

**SISTERS OF SAINT JOSEPH,**
**Defendant-Appellee.**

No. 73–2371.

United States Court of Appeals,
Fifth Circuit.

March 1, 1974.

Thomas J. Griffith, Lubbock, Tex., for plaintiff-appellant.

Charles B. Jones, Bobby J. Moody, Lubbock, Tex., for defendant-appellee.

Before THORNBERRY, GOLDBERG and INGRAHAM, Circuit Judges.

PER CURIAM:

Plaintiff Bernice Allen brought this suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, seeking to compel the defendant, Sisters of St. Joseph, who operate St. Mary of the Plains Hospital in Lubbock, Texas, to make its facilities available for the performance of a tubal ligation sterilization. The district court held that there was no action "under color of state law" as required by the terms of the statutes and therefore denied relief.[1]

Ms. Allen is the mother of two minor illegitimate children and was expecting a third[2] when the circumstances leading to this suit arose. Desiring to avoid additional pregnancies, Ms. Allen requested that she be sterilized contemporaneously with the birth of the third child. Her physician readily agreed and planned to deliver the child and perform the sterilization at the University Hospital, Lubbock, Texas.

Several weeks prior to the anticipated delivery date, however, Ms. Allen fractured her hip and was admitted to St. Mary of the Plains Hospital, a private denominational hospital, for treatment. As a result of this injury, her physician concluded that the child should be delivered by Caesarean section. Since the incision for the Caesarean delivery would open the same area as that to be opened for the sterilization, he still planned to perform both simultaneously. To accomplish both of these objectives at the same time would prevent the need for a

1. Immediately after the district court denied relief, Ms. Allen submitted a motion to this court asking for an emergency hearing and suspension of Rule 2, FRAP. On June 21, 1973, a panel of this court denied appellant's motion.

2. The pleadings in this case state that Ms. Allen might give birth to more than one child. At oral argument, Ms. Allen's counsel was asked if the child had been born, and counsel responded that it had without further indicating whether there was a multiple birth. We therefore proceed on the premise that only one child was born.

subsequent surgical incision, anaesthetic and other dangers inherent in additional surgery. In view of the risks involved in moving to another hospital, Ms. Allen requested that the sterilization and Caesarean section be done at St. Mary of the Plains Hospital. But based on the religious beliefs of the Sisters of St. Joseph, the request was denied. Ms. Allen brought suit against the Sisters of St. Joseph to compel them to provide the facilities for her sterilization, but the district court denied relief. Ms. Allen's child was born as expected and on December 7, 1973, just prior to oral argument in this appeal, Ms. Allen was sterilized at a hospital other than St. Mary of the Plains Hospital.

■■ Since the plaintiff in the case at hand has given birth to her child and has subsequently obtained a sterilization at another hospital, the initial question is whether this case currently is inappropriate for judicial consideration because it is moot. It is well settled that a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Adverse parties must present a viable controversy to the court that is susceptible to judicial resolution and effective relief. C. Wright, Law of Federal Courts, § 12, at 35 (1970).

■ We are unable to discern any viable controversy in the instant case that is susceptible to judicial resolution and relief. The plaintiff asked only for injunctive relief, coercing the Sisters of St. Joseph to provide facilities for sterilization, and for general relief.[3] There is no specific claim for damages, Mc-

Cabe v. Nassau County Medical Center, 453 F.2d 698, 701–702 (2nd Cir., 1971), nor did plaintiff initiate this suit as a class action. Rivera v. Freeman, 469 F. 2d 1159, 1163 (9th Cir., 1972); J. Moore, Federal Practice, ¶ 57.13 n. 11, at 57–129 (1973). This is merely an action brought by an individual plaintiff who asks for a sterilization that she has already obtained. Even if we were inclined to grant an injunction requiring the Sisters of St. Joseph to provide facilities for the surgery, it would make no difference to Ms. Allen because she had already been sterilized.

We are aware that there are limitations restricting the scope of the mootness doctrine. For example, a controversy is considered viable and not moot when the consequences of the assailed activity might adversely affect the complainant. Carafas v. LaVallee, 391 U.S. 234, 237–238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Justin v. Jacobs, 145 U.S. App.D.C. 355, 449 F.2d 1017, 1019 (1971). Additionally, an issue that is "capable of repetition, yet evading review" is not considered moot because of the underlying controversy that continues to exist between the parties. Doe v. Bolton, 410 U.S. 179, 187, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L. Ed.2d 147 (1973); Dunn v. Blumstein, 405 U.S. 330, 333, n. 2, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); J. Moore, Federal Practice, ¶ 57.13, n. 11, at 57–131 (1973). But while a pregnancy is capable of repetition with regard to the individual plaintiff, giving rise to a subsequent claim for an abortion, a sterilization completely terminates any possibility of the controversy recurring.

Dismissed as moot.[4]

---

3. We recognize that "when coercive relief only is sought but is deemed ungrantable or inappropriate, the court may sua sponte, if it serves a useful purpose, grant instead a declaration of rights." Notes of Advisory Committee on Rules, 28 U.S.C.A., Rule 57 (1971). But authorization to give declaratory relief

when not mentioned in the pleadings does not authorize us to discuss moot issues. J. Moore, Federal Practice, ¶ 57.13, at 57–121 (1973).

4. United States Servicemen's Fund v. Killeen Independent School District, 5 Cir. 1974, 489 F.2d 693.