William Louis NICHOLS, Plaintiff,

v.

Edward F. SCHUBERT, M.D., et al., Defendants.

No. 73–C–517.

United States District Court, E. D. Wisconsin.

July 2, 1976.

Elizabeth Alexander, Corrections Legal Services Program, Madison, Wis., for plaintiff and applicants for intervention.

Gary L. Carlson, Asst. Atty. Gen., Madison, Wis., for defendants.

MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge:

This civil rights action was originally brought by William Louis Nichols, an inmate of the Central State Hospital, Waupun, Wisconsin. The complaint seeks injunctive relief with respect to the rules, regulations, and policies governing visiting privileges at Central State Hospital and names the hospital superintendent as a defendant. Suit is purportedly brought on behalf of a class of persons pursuant to the provisions of Rule 23(b)(2) of the Federal Rules of Civil Procedure.

After initially granting the plaintiff leave to proceed in forma pauperis, the Court on its own motion dismissed the complaint for failure to set forth an actionable claim. This action was reversed on appeal, *Nichols v. Schubert,* 499 F.2d 946 (7th Cir. 1974), and the cause was remanded with directions to order an immediate issuance of summons against the named defendant. Summons issued, an answer was filed, and extensive discovery proceedings ensued.

On September 2, 1975, plaintiff's counsel moved for an order directing that this action be certified as a class action on behalf of all current and future patients at Central State Hospital. On October 7, 1975, defendant's counsel suggested that this action was moot under the standards of *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974), in light of the transfer of the plaintiff from Central State Hospital to the Winnebago Mental Health Institute

on September 4, 1975. On November 6, 1975, plaintiff's counsel filed a motion in which permission was sought for the intervention of two Central State Hospital patients as parties plaintiff. The applicants for intervention also moved for leave to proceed in *forma pauperis.* For the reasons hereinafter stated, the intervenor applicants will be granted leave to proceed in *forma pauperis,* their motion for intervention will be granted, and the Court will certify that this action may be maintained on behalf of a class pursuant to the provisions of Rule 23(b)(2), F.R.Civ.P., with the intervening plaintiffs serving as representative parties.

In *DeFunis v. Odegaard,* supra, the plaintiff brought suit on behalf of himself only, seeking injunctive relief on the theory that the admissions policy of his law school violated the equal protection clause of the Fourteenth Amendment. Upon being informed that the plaintiff was registered for his final quarter in the law school and that this registration was fully effective regardless of the disposition of the case, the Court declared the action moot. The Court reasoned that the case did not involve a mere "voluntary cessation" of the challenged practices by the defendants, since the plaintiff was enrolled in his final term and the school's fixed policy was to permit students once enrolled to complete the term for which they were enrolled. In addition, the Court observed that the case was not one presenting a question "capable of repetition, yet evading review," since the plaintiff would never again have to go through the school's admission process and the issue was not one that by its very nature is so shortlived as to make appellate review impossible.

The Supreme Court used a somewhat similar rationale in *Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272

(1975), a case in which the mootness issue was presented in the context of a custodial institution. In that case the plaintiff prisoner sued prison officials for declaratory and injunctive relief relative to a transfer from a medium security to a maximum security prison. The Court ruled that the plaintiff's due process challenge was rendered moot by his subsequent transfer back to the medium security prison, a second transfer to a minimum security prison, and the prisoner's imminent eligibility for parole. The Court indicated that in such circumstances there could be no reasonable expectation that the alleged wrong would be repeated, and characterized the question presented as one not falling within the category of harm capable of repetition, yet evading review.

Neither *DeFunis* nor *Newkirk,* however, involved situations where a class action was alleged. The presence of a class allegation in the complaint in the instant case suggests that an examination of the decisions in which mootness has been raised in a class action context is in order.

The most authoritative statement of standards to be applied with respect to mootness where a class action is involved is contained in the recent decision of *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). In that case the Supreme Court held that a challenge to a state's divorce residency requirement was not mooted by the fact that the named plaintiff had met the residency requirement during the course of the litigation where it appeared that (1) the controversy between the named plaintiff and the defendant was not moot at the time the class was certified, (2) a continuing case or controversy existed with respect to the remaining members of the certified class, and (3) the issue involved was such that it was capable of repetition, yet evading review.*

* The continuing vitality of *Sosna's* third requirement of an issue "capable of repetition, yet evading review" is debatable in light of the Supreme Court's recent decision in *Franks v. Bowman Transportation Co., Inc.,* 747 U.S. 424, 96 S.Ct. 1251, 47 L.Ed.2d 444, 44 U.S.L.W. 4356 (1976). There, 96 S.Ct. at 1259, at 4358, the

Court asserted that "nothing in * * * Sosna * * * holds or even intimates that the fact the named plaintiff no longer has a personal stake in the outcome of a certified class action renders the class action moot in the absence of an issue 'capable of repetition, yet evading review,'" and went on to state that

In a subsequent class action case, *Indianapolis School Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), the Court held that the First Amendment controversy between the named high school plaintiffs and the defendants had become moot upon the named plaintiffs' graduation. The Court held that *Sosna* was inapplicable where the district court had not adequately complied with the class definition and certification requirements of Rule 23(c), F.R.Civ.P.

In part, each of these four decisions rests upon a finding that the wrong alleged was not reasonably capable of repetition. In *DeFunis* and *Jacobs,* the Court recognized that school attendance is not an experience likely to be repeated, and that upon graduation the possibility that an individual will re-enter the educational institution is remote, if not foreclosed. In *Sosna,* it was similarly considered unlikely that the plaintiff would leave the state and lose her residency and thereafter return to the state to once again face the residential waiting period. Only the *Newkirk* case is apposite to the present proceedings, and in that case the prisoner's imminent parole would result in his exit from the prison system. In the instant case, however, the plaintiff is still a patient in the mental hospital system, run by the State of Wisconsin, and the record does not appear to foreclose the possibility that he might be transferred back to Central State Hospital. The Court is cognizant, however, that an expansive reading of *Newkirk,* or alternatively, perhaps undisclosed circumstances of the plaintiff's situation might well support a finding that the possibility of retransfer is so remote as to render Nichols' claim moot. The Court will accordingly consider the pending motions on the assumption that the aforementioned possibility is indeed true.

A case or controversy existed between Nichols and the defendant at the time the case was filed. Putting aside for a moment the question of intervention, can the Court certify a class where the issue between the named plaintiff and the defendant has become moot subsequent to the filing of the complaint? In *Sosna,* supra, the Court stated that "[t]here must * * * be a named plaintiff who has such a case or controversy at the time the complaint is filed, *and at the time the class action is certified by the District Court* pursuant to Rule 23 * *." 419 U.S. 393, 402, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (emphasis added). This statement, however, was qualified by a footnote:

"There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review." *Id.,* at n. 11.

The footnote qualification to the proposition that the named plaintiff must have a case or controversy at the time the class is certified is of uncertain proportions. Some insight can be gained, however, from the Supreme Court's subsequent decision in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In that case the Court reached the merits of a challenge to Florida procedures allowing pretrial detention of persons charged by information, and made the following observation with respect to the mootness issue:

"At the time the complaint was filed, the named respondents were members of a class of persons detained without a

"*Sosna* contemplates that mootness turns on whether, in the specific circumstances of the given case at the time it is before this Court, an adversary relationship sufficient to fulfill this function exists." The function the Court was referring to was that performed when litigants have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of

issues upon which the court so largely depends for illumination of difficult * * * questions." *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The Court thus seems to be saying that the use of formulaic criteria should be avoided, and that a determination of mootness should rest upon a finding that as a practical matter a controversy no longer exists.

judicial probable cause determination, but the record does not indicate whether any of them were still in custody awaiting trial when the District Court certified the class. Such a showing ordinarily would be required to avoid mootness under *Sosna*. But this case is a suitable exception to that requirement. See *Sosna, supra,* 419 U.S. at 402 n. 11 [95 S.Ct. 553]; cf. *Rivera v. Freeman,* 469 F.2d 1159, 1162–1163 (CA 9 1972). The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. *Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain.* The attorney representing the named respondents is a public defender, and *we can safely assume that he has other clients with a continuing live interest in the case." Id.,* at 110–111 n. 11, 95 S.Ct. at 861 (emphasis added).

A recent decision of the Court of Appeals for the Second Circuit throws further light on the qualification contained in footnote eleven of the *Sosna* opinion. In *Frost v. Weinberger,* 515 F.2d 57 (1975), the plaintiff brought suit on behalf of a class, challenging the reduction of Social Security benefits without a hearing. The district court denied a motion for preliminary injunctive relief but ordered the defendant to hold a hearing on the named plaintiff's right to continued benefits. The plaintiff then moved for class action certification, but a ruling on that request was postponed with the agreement of the parties until a decision upon their cross-motions for summary judgment. Thereafter, at a hearing held by the defendant, it was determined that a change in the named plaintiff's circumstances justified a reduction in her Social Security benefits. In a subsequent decision, the district court determined that the case was not moot, certified the requested class, and granted the plaintiffs'

motion for summary judgment. 375 F.Supp. 1312 (E.D.N.Y.1974). On appeal, the Second Circuit reversed the trial court's decision on the merits but concurred in the trial court's disposition of the mootness issue, holding that the case fell within the *Sosna* footnote exception:

" * * * The reason for generally requiring that the controversy be 'live' as to the named plaintiff at the time of class action designation is that otherwise the court would have no assurance that the named plaintiff will vigorously represent the class. This has little application when, as here, the court has deferred class action determination, with the agreement of all parties, pending a ruling on the merits. * * * [I]t scarcely can be consequential in a case like this whether the named plaintiff had obtained a hearing in the period which, with the agreement of the parties, the court took to make its class action determination." 515 F.2d 57, 64.

In *Sosna,* an exception to the mootness rule in the context of class actions was recognized where the nature of the controversy was such that it became moot as to the named plaintiff before the trial court could reasonably be expected to rule on a class certification motion. *Gerstein* expanded this concept by suggesting that the certainty of the existence of a class of persons suffering the alleged deprivation and the availability to the named plaintiffs' counsel of other clients with a continuing live interest in the case can bring an action within the *Sosna* exception and obviate the need for inquiry into the mootness *vel non* of the named plaintiffs' claims at the time of class certification. Finally, *Frost* indicates that the trial court's excusable delay in acting upon the class certification question does not prevent the certification of a class where the named plaintiff's claim has become moot subsequent to the filing of the action.

On the basis of these decisions, an argument could be made to the effect that this Court could properly certify a class at this point in the proceedings without reference

to or action upon the pending motion for intervention. This the Court declines to do. Instead, the Court relies on these decisions as indicating that recent developments in the law with respect to the doctrine of mootness do not undercut or otherwise detract from the authority of pre-*Sosna* cases holding that where a named plaintiff's claim has been mooted, intervention can nevertheless be allowed and a class thereafter certified with the intervening plaintiffs serving as class representatives.

The pre-*Sosna* cases each involved situations where a named plaintiff seeking to assert the interests of a class had his or her claim mooted by actions of the defendant subsequent to the filing of the action but prior to a consideration of the question of class action certification. In each case the Court first allowed intervention by persons who could supply the necessary case or controversy, and then permitted the action to proceed as a class action with the intervenors acting as class representatives. See *Gaddis v. Wyman*, 304 F.Supp. 713 (S.D.N.Y.1969); *Washington v. Wyman*, 54 F.R.D. 266 (S.D.N.Y.1971), and *Scifo v. Schmidt*, C.A. No. 73–C–320 (W.D.Wis., order dated Feb. 21, 1975).

Other cases have recognized the propriety of this procedure but have dismissed the action as moot when a request for intervention has not been forthcoming. See *Heumann v. Board of Education of City of New York*, 320 F.Supp. 623 (S.D.N.Y.1970); *Norman v. Board of Parole*, 458 F.2d 497 (2d Cir. 1972), and *Geraci v. Treuchtlinger*, 487 F.2d 590 (2d Cir. 1973).

The argument against this approach is that federal jurisdiction evaporates along with the named plaintiff's claim, and that thereafter there is no longer a viable action within the federal jurisdiction into which anyone can intervene. Whatever merit this argument may have as a matter of jurisdictional theory must be weighed against the practical consequences attendant to such a position.

Here, the named plaintiff has been transferred by the defendant to another institution in the state's mental hospital system.

Where it is within the power of the defendant to so moot the named plaintiff's claim, an adjudication of the claims of an aggrieved class might be avoided by unilateral acts of the defendant destructive of federal jurisdiction. If the precertification mooting of a named plaintiff's claim by actions attributable to the defendant were to require the immediate dismissal of the action, defendants would be able to effectively forestall class challenges to the constitutionality of their activities. Such a result would be contrary to the policy underlying the well-established rule that "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave '[t]he defendant * * free to return to his old ways.'" *United States v. Concentrated Phosphate Export Association*, 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968). The policy precluding the mooting of a claim by the voluntary cessation of challenged activity would seem to be equally offended by a rule which would allow the defendant to moot the claims of a class by destroying the named plaintiff's standing to raise the claim before the class action question can be reached.

Moreover, judicial economy would be ill served by a rule which could result in the repeated and successive filing of class action complaints, each of which could be effectively parried by the defendant taking steps to moot the named plaintiff's claim. Admittedly, a holding that the defendant's destruction of the named plaintiff's standing may be countered by the intervention of new class representatives does not completely foreclose the possibilities of abuse, since a defendant might well take actions to moot the claims of each succeeding intervenor. Although it can be argued that the *ad infinitum* filing of motions for intervention is just as burdensome as the *ad infinitum* filing of complaints, the former procedure confines the subject matter to one court, preserving the judicial energies already invested in the case. In light of these considerations, the theoretical problem of a jurisdictional interregnum is insufficient to warrant the dismissal of this action.

On the basis of the affidavits submitted by Ronald David Schmidt and Phillip W. Smith, the Court will grant their request for permission to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915. The Court will also grant the motion of Schmidt and Smith for permission to intervene in this action. Rule 24(b), F.R.Civ.P. Finally, the Court will order that this action be maintained on behalf of a class pursuant to the provisions of Rule 23(b)(2), F.R.Civ.P. See Rule 23(c)(1), F.R.Civ.P.

For the foregoing reasons,

IT IS ORDERED that the motions of Ronald David Schmidt and Phillip W. Smith for leave to proceed in *forma pauperis* and for leave to intervene in the action as parties plaintiff are granted.

IT IS FURTHER ORDERED that this action may be maintained as a class action on behalf of all current and future patients at Central State Hospital.

IT IS FURTHER ORDERED that William Louis Nichols be and he hereby is dismissed from this action as a party plaintiff, such dismissal being without prejudice, however, to any rights he may have as a member of the certified class.